George Douglas POOLE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18243.

United States Court of Appeals
Ninth Circuit.

March 18, 1964.

The alleged offenses occurred in 1954, but the indictment was not returned until January 30, 1957. Apparently what opened the mouths of the Moellers was the Narcotics Control Act of 1956,[1] see 18 U.S.C. § 1406. Thereafter, the attorney general granted the Moellers lifelong immunity on the events of the indictment. We assume that prior to this grant the Moellers were standing on their Fifth Amendment rights against self-incrimination. Poole, in an able brief by his counsel, relies upon such cases as Costello v. United States, 365 U.S. 265, 280, 81 S.Ct. 534, 5 L.Ed.2d 551, in his argument that here the application of the 1956 act to the 1954 facts was ex post facto and so was a deprivation of due process.

We do not agree. Although it is an old case, we believe Hopt v. Utah, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262,[2] is still unimpaired.

■■ Perhaps an additional rationale for our case is that the Fifth Amendment rights of the Moellers were strictly personal to them and Poole had a vested interest only in his own Fifth Amendment rights. Prior to 1956 and the Narcotics Control Act, many a guilty person waived his own Fifth Amendment rights, often only in the hope of leniency. And defendants had no right to insist that other guilty persons stand on their rights.

We see little difference between Congress laying the foundation for a presumably honest bargain for a third party to waive his rights on self-incrimination and the case of him (a third party) who did waive in consideration of something less than a guarantee.

We have carefully considered the cases which appellant cites on the heart of his question, but we do not find them applicable.

The order appealed from is affirmed.

J. Ernest Hartz, Jr., San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., and Jerrold M. Ladar, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before CHAMBERS, POPE and MERRILL, Circuit Judges.

CHAMBERS, Circuit Judge.

The motion of appellee to dismiss is denied and the court proceeds to consider the case on its merits.

Remaining in the case are specifications which really only present a single question of law on this collateral attack on the judgment of conviction and sentence.

Poole was charged with eleven counts of narcotics violations in a single indictment. Trial began on April 8, 1957. Two alleged co-conspirators, Thomas and William Moeller, testified against him. Thereupon, the trial was stopped. Poole pleaded guilty to the fifth count and the other ten counts were dismissed. Subsequently, a prison sentence was imposed.

1. 70 Stat. 574.

2. See also Beazell v. Ohio, 269 U.S. 167, 171, 46 S.Ct. 68, 70 L.Ed. 216; Mallett v. North Carolina, 181 U.S. 589, 594–596, 21 S.Ct. 730, 45 L.Ed. 1015; Thompson v. Missouri, 171 U.S. 380, 384–387, 18 S.Ct. 922, 43 L.Ed. 204.