**Humberto COLLOZO, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19861.**

United States Court of Appeals
Ninth Circuit.

Dec. 27, 1966.

Edmund B. Schultz, Walnut Creek, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief, Crim. Div., Robert L. Brosio, Asst. U. S. Atty., Asst. Chief, Crim. Div., Jules D. Barnett, Asst. U. S. Atty., Chief, Fraud Sec., Crim. Div., Los Angeles, Cal., for appellee.

Before DUNIWAY and ELY, Circuit Judges, and CRAIG, District Judge.

DUNIWAY, Circuit Judge:

Collozo was convicted by a jury under a one count indictment charging him and one Jesus Marino Rodriguez with concealing and facilitating the transportation and concealment of approximately 65 kilograms of marijuana in violation of 21 U.S.C. § 176a. On this appeal he assigns three errors:

1. That Exhibits 2 and 3, two suitcases full of kilogram packages of marijuana, were unlawfully searched and seiz-

ed in violation of his constitutional rights under the Fourth Amendment to the Constitution.

2. That the government failed to meet its burden of proof that he had possession of the marijuana.

3. That it was prejudicial error to compel him to remove his shoes so that they could be identified by a government witness who testified that he sold the shoes to Collozo.

The pertinent facts are these: Joan E. Perkins, a ticket agent for United Airlines at its ticket office at 501 West 6th Street, Los Angeles, sold to Collozo, under the name of Calil, two one-way first class tickets to New York City. The sale occurred on May 26, 1964, between 3 and 4 o'clock that afternoon, and the reservations were on United's 10:45 P.M. flight to New York for that day. Collozo paid cash, $321 in $20 bills, for the tickets. At 10 o'clock that evening, Collozo arrived at the Los Angeles International Airport with the two suitcases, Exhibits 2 and 3, and one of the two tickets. He presented himself to United's employee, Wallin, at the check-in counter and checked in the two bags. They were 42 pounds overweight and Collozo paid the excess baggage charge of about $40 in cash.

About half an hour later, Rodriguez arrived with the other ticket and a third bag. He checked in that bag with Wallin, presenting the ticket under the name of Marino. After Rodriguez checked in the third bag, Wallin notified his supervisor, who called one Butler, of the Los Angeles Police Department, Intelligence Division. Butler examined the bag checked in by Rodriguez and detected a strong odor of marijuana. He then called the Narcotics Division of the Los Angeles Police Department and Sgt. Beckmann responded. Butler and Beckmann, with Wallin, proceeded to the boarding area, where Wallin identified Rodriguez as the one who had checked in the bag. Butler asked Rodriguez for his baggage tag number and it was ascertained that that number corresponded with the number of the tag on the bag. Rodriguez was then arrested and taken to the airport po-

lice station where the bag was opened. It contained a large quantity of marijuana.

Thereafter Beckmann telephoned to Officer Michael Tobin of the New York City Police Department. Tobin proceeded to the John F. Kennedy Airport in New York and met United Flight 16, which arrived from Los Angeles at 6:20 A.M. on the 27th. He looked for someone matching the description of Collozo, but did not see him. After all passengers had taken their baggage, there were five pieces not picked up. Among them were Exhibits 2 and 3. Tobin examined the two suitcases and detected a strong odor of marijuana. He then opened them and found in them large quantities of marijuana and certain clothing, including a pair of shoes. Tobin traced the shoes to a salesman in New York, and the salesman was a witness at the trial and identified Collozo and the shoes. Collozo had bought two pairs of shoes and a pair of slippers from him. In the courtroom he identified the shoes that Collozo was wearing as the other pair that Collozo had purchased. The foregoing is the government's case.

Collozo offered an alibi through a paramour with whom he was living in Los Angeles, and through his wife. He also testified in his own behalf and denied that he had ever purchased the tickets or checked the bags or had anything to do with the matter.

■ The first assignment of error is without merit. No motion to suppress the two exhibits was ever made. When the two exhibits were offered and received in evidence, no objection was made. Under these circumstances we need not consider the contention that they had been improperly opened. See Kuhl v. United States, 9 Cir., 1966, 370 F.2d 20, No. 19,989, decided November 18, 1966. We have, however, under quite comparable circumstances, upheld a similar search. See Hernandez v. United States, 9 Cir., 1965, 353 F.2d 624; compare Corngold v. United States, 9 Cir., 1966, 367 F.2d 1.

318

There was ample evidence that Collozo had possession of the marijuana. He brought the suitcases to the airport and checked them in as a passenger.

The contention that it was error to require Collozo to remove his shoes for examination is frivolous. Gilbert v. United States, 9 Cir., 1966, 366 F.2d 923, 936–937.

Affirmed.