**Adrian Garcia LOPEZ, Petitioner-Appellant,**

v.

**John C. BURKE, Respondent-Appellee.**

**No. 17244.**

United States Court of Appeals
Seventh Circuit.

July 25, 1969.

Adrian Garcia Lopez, in pro. per.

Robert W. Warren, Atty. Gen. of Wis., William A. Platz, Sverre O. Tinglum, Asst. Attys. Gen. of Wis., Madison, Wis., for appellee.

Before SWYGERT and FAIRCHILD, Circuit Judges, and HOFFMAN, District Judge.[1]

JULIUS J. HOFFMAN, District Judge.

Petitioner, imprisoned by the State of Wisconsin upon a conviction of burglary, has appealed from an order of the United States District Court for the Eastern District of Wisconsin, dismissing his petition for a writ of habeas corpus. Two previous petitions have been denied by the Wisconsin Supreme Court. In this, his second federal petition, Petitioner asserts two alleged grounds for his release: that his arrest was unlawful, and that the testimony of an alleged accomplice was erroneously admitted into evidence against him.

In support of his first ground, Petitioner asserts that his arrest, effected on the day of the offense, was made before the issuance of a warrant, and was without probable cause. He claims, in addition, that the warrant for his arrest was irregularly issued by the Chief Deputy Clerk of the Circuit Court of Milwaukee County, rather than by a magistrate.

A preliminary examination was subsequently conducted upon a sworn complaint and oral testimony, and Petitioner was bound over for trial. An information was lodged against him, and he was tried and found guilty. He was represented by counsel in these proceedings, and does not question the adequacy of his representation. No claim is made that any evidence produced by a search incident to an unlawful arrest was introduced against him, or that in-custody interrogation produced any confession or admission on his part for subsequent use against him at the trial. In short, he does not charge that the supposed illegality of the arrest in any way affected the trial or contributed to his conviction. Whether he was legally in custody before the preliminary hearing is irrelevant to the legality of his current custody, so long as no consequences traceable to an unlawful arrest can be shown. The bare occurrence of a defective arrest, without more, sup-

1. Judge Hoffman is sitting by designation from the United States District Court for the Northern District of Illinois.

plies no grounds for release upon habeas corpus from imprisonment upon conviction. See Fernandez v. Klinger, 346 F.2d 210, 211–212 (9th Cir. 1965); United States ex rel. Langer v. Ragen, 237 F.2d 827 (7th Cir. 1956).

The second ground for the petition concerns the testimony of one Victor Buff. It appears that Petitioner and Buff were arrested together, and that information supplied by Buff served as the basis for the original complaint against Petitioner. Buff later testified at the preliminary hearing, and at the trial. This testimony was erroneously admitted into evidence, according to Petitioner, because Buff had received a promise of immunity from prosecution by the state's attorney who had no authority under state law to grant such immunity, and because the prosecutor conferred privately with Buff upon his initial refusal to testify.

█ Petitioner enjoys no constitutional right not to be incriminated by the testimony of another, and Buff had no privilege to decline to incriminate the Petitioner. Buff's rights would be invaded only if his own testimony were used against him. See Murphy v. Waterfront Commission, 378 U.S. 52, 78–79, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964). To obtain evidence necessary to convict others, the state may confer immunity upon a witness, and when that immunity is complete, neither the witness nor the persons he implicates may complain. If Buff was in fact induced to testify by a mistake concerning his immunity, he alone would have standing to object. Petitioner is no more prejudiced by Buff's testimony given voluntarily, albeit in the hope of leniency, than by evidence compelled under a valid grant of immunity. The privilege against self-incrimination is not violated when the information elicited is used not against the witness but against another. See People v. Varnum, 66 Cal.2d 808, 59 Cal.Rptr. 108, 427 P.2d 772 (1967); Diaz-Rosendo v. United States, 357 F.2d 124 (9th Cir. 1966).

█ No claim is made that the prosecution made knowing use of false testimony. At most, the petition alleges that Buff was induced to testify against Petitioner under the threat of prosecution if he did not testify and the expectation of immunity if he did. These incentives may raise grave questions about the reliability and credibility of the witness' testimony, but they do not destroy the integrity of the fact-finding process. Of necessity, evidence of crimes will often be available only from witnesses of doubtful credibility. The federal Constitution does not forbid consideration of all testimony which is not beyond impeachment or of questionable probity. Unless the testimony of accomplices is to be excluded altogether, the processes of the trial, with searching cross examination and scrutiny of demeanor, must be relied upon to assure that such evidence is given no greater weight than it deserves. See United States v. Brill, 350 F.2d 171, 174 (2nd Cir. 1965).

The decision of the District Court dismissing the petition is accordingly affirmed.

Affirmed.