**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Richard Paul ELLIOTT, Defendant-Appellant (two cases).**

**Nos. 23646, 23647.**

United States Court of Appeals
Ninth Circuit.

Oct. 31, 1969.

Henry O. Noffsinger (argued), San Francisco, Cal., for appellant.

Julien G. Sourwine (argued), Asst. U. S. Atty., Joseph L. Ward, U. S. Atty., Reno, Nev., for appellee.

Before DUNIWAY and HUFSTEDLER, Circuit Judges, and PENCE*, District Judge.

DUNIWAY, Circuit Judge:

Elliott was found guilty of kidnapping in violation of 18 U.S.C. § 1201 and of escape from custody in violation of 18 U.S.C. § 751. We affirm.

Elliott bases his appeal on several grounds. The first is that he was denied due process of law, equal protection of the laws, and freedom from self-incrimination in violation of the Fifth Amendment to the Constitution.[1] The argument is based on the fact that one Henne, a co-defendant, who had been acquitted at an earlier separate trial, was permitted to testify against Elliott. Henne's defense at his own trial was that he had been under duress by Elliott. At Elliott's trial Henne's testimony corroborated and was more detailed than that of the victim.

Separate trials were granted on Elliott's motion. It is clear under Bruton v. United States, 1968, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, that a joint trial of co-defendants may, in some cases, be fatally prejudicial, as when a confession by one of the defendants is introduced against the other at the trial through the testimony of a third party. The trial judge (before Bruton was decided) sensed the possible prejudice to Elliott and granted his motion for separate trial. Elliott now argues that his co-defendant should not have been allowed to testify at all. We know of no case that goes so far. In this case Henne appeared in court, testified, and was subjected to extensive cross-examination by Elliott's counsel; thus, there was full confrontation. We can find no unconstitutional prejudice.

Elliott argues that in cases such as this, where one of two co-defendants plans to use duress by the other as a defense, the only fair way to order the trials is for the defendant using such a defense to be tried last. Counsel's theory seems to be that, if Elliott had been tried first, Henne would not have been available to the United States as a witness because he would have claimed his privilege against self-incrimination. Counsel seems to feel that trying Henne first deprived Elliott of a constitutional right to have Henne claim his privilege. But Elliott has no such right; the privilege was Henne's, not Elliott's. Counsel also says that Henne's testimony

---

* Honorable Martin Pence, United States District Judge, District of Hawaii, sitting by designation.

1. Counsel also claims denial of equal protection of the laws, citing the Fourteenth Amendment, which insofar as it guarantees the equal protection of the laws, deals only with the states.

forced Elliott to take the stand to refute it, thus depriving Elliott of his own privilege against self-incrimination. But this is a choice that any defendant faces when a witness gives damaging testimony against him. Moreover, it is by no means certain that Henne would have claimed his privilege if Elliott had been tried first. Finally, in this case Elliott was scheduled to be tried before Henne and would have been tried first had Elliott not escaped from custody and remained at large for five weeks.

Next, Elliott argues that the trial court, on its own motion, should have excluded some of the testimony given by Henne, and that the court, again on its own motion, should have given the jury an instruction relating to the possible prejudice of Henne. Elliott's trial counsel made no objection to Henne's testimony, offered no proposed instructions on the issue of Henne's prejudice, and made no objection to the instructions which the judge did give the jury. Rule 30, F.R.Crim.P.; Singer v. United States, 1965, 380 U.S. 24, 38, 85 S.Ct. 783, 13 L.Ed.2d 630; Smith v. United States, 9 Cir., 1968, 390 F.2d 401; Rossetti v. United States, 9 Cir., 1963, 315 F.2d 86, cert. denied, 1963, 375 U.S. 814, 84 S.Ct. 45, 11 L.Ed.2d 49.

Under F.R.Crim.P. 52 we may notice plain errors which affect substantial rights although they were not brought to the attention of the trial court. We have reviewed the record and find no such error here. Absent application of the "plain error" rule, appellant may not now make objections which were not made in the court below. Kuhl v. United States, 9 Cir., 1966, 370 F.2d 20; Collozo v. United States, 9 Cir., 1966, 370 F.2d 316; Singer v. United States, 9 Cir., 1964, 326 F.2d 132, aff'd 1965, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630.

Elliott's final contention is that he was prejudiced by joinder of the escape charge with the kidnapping charge. The decision to join the two cases was within the discretion of the trial judge (Rules 8 and 13, F.R.Crim.P.) and we do not find that he abused that discretion in this case. Elliott took the stand and admitted the escape. We cannot see how the jury could have been confused as to the evidence applicable to each charge. Nor do we find the consolidation of the two charges otherwise unduly prejudicial.

Affirmed.