**UNITED STATES of America,**
**Appellee,**

v.

**Richard James DOTA, Appellant.**

**No. 73-1062.**

United States Court of Appeals,
Tenth Circuit.

Aug. 9, 1973.

Certiorari Denied Dec. 3, 1973.
See 94 S.Ct. 583.

Donald K. Bain, Denver, Colo., for appellant.

Richard J. Spelts, Asst. U. S. Atty. (James L. Treece, U. S. Atty., with him on the brief), for appellee.

Before SETH, JONES*, and DOYLE, Circuit Judges.

SETH, Circuit Judge.

Appellant was found guilty after a jury trial of violating 18 U.S.C. § 1014. This section makes it a crime to knowingly make a false statement as to a material fact in applying for a loan at a bank insured by the Federal Deposit Insurance Corporation for the purpose of influencing the bank to make the loan.

The indictment was in one count, charging appellant with making seven different false representations. The trial court struck two of the allegedly false representations from the indictment. As to one of them, the bank president testified that it would not have influenced the bank one way or another in making the loan. The other representation dealt with another charge pending against appellant, and the trial court determined that introduction of facts relating to that statement would be prejudicial to appellant.

The jury was instructed that if they found that appellant had intentionally falsified any one of the five statements, they should find appellant guilty. The jury instructions were not objected to, and the jury returned a general verdict of guilty.

Appellant argues that there was no substantial evidence as to certain of the alleged false statements, and since there is no method of determining which of the false statements the jury relied upon in reaching its verdict, we are required to reverse.

If in fact there was insufficient evidence to send the case to the jury as to any one of the alleged false statements, a reversal is necessary under the general verdict. It is thus necessary that we examine the evidence as to each of the statements as appellant claims

none were supported by sufficient evidence, and all were submitted to the jury. Those statements were that: (a) appellant was the president of Sterling Enterprises, 8000 West 14th Avenue, Denver, Colorado, and had served in that capacity for two years; (b) appellant had $22,400.00 cash in banks and on hand; (c) appellant had $253,500.00 invested in his own business; (d) appellant owned a grain elevator in Des Moines, Iowa, valued at $176,000.00 with an outstanding mortgage of $92,000.00; and (e) appellant owned two 1971 Cadillacs.

A review of the evidence, taken in the light most favorable to the Government, discloses the following:

As to the statement denominated (a) above, the Government introduced evidence that another enterprise was operating from the address given by appellant, that although a Sterling Enterprises had previously been licensed to do business in Colorado, appellant had not been connected with that organization in any manner, and that shortly before applying for the loan involved herein, appellant had been "running short of money" and had been inquiring about finding himself employment.

The evidence as to the statement in (d) indicated that neither appellant nor Sterling Enterprises had ever been listed as an owner of a state-licensed grain elevator in Iowa, nor had he or Sterling Enterprises been shown as an owner of any grain elevator in the tax records of the City of Des Moines or the surrounding county. There was also evidence that no mortgage had ever been recorded on the grain elevator. Appellant's allegation that his name would not appear in the records as an owner if he owned stock in a corporation that in turn owned the grain elevator is refuted by the very financial statement in issue on which he left a blank under the heading, "Schedule of Bonds and Stocks."

The evidence as to (e) showed that appellant applied for a Colorado driver's

---

* Of the Fifth Circuit, sitting by designation.

license and indicated that he held no license from any other state. The Cadillac he showed to the bank president had Colorado license plates. There was evidence that appellant had not registered any automobiles in Colorado. At the time he applied for the loan, appellant showed that his wife was driving the other 1971 Cadillac. It was stipulated at trial that appellant was single. There was also evidence that appellant "hung around" the offices of a company that had leased nine 1971 Cadillacs with Colorado license plates and that he occasionally took them to be washed.

The evidence presented on (b) and (c), although not direct evidence, was sufficient, we believe, to permit the jury to find that the statements made were false. As to both of the statements, there was evidence that appellant was "running short of money," was looking for a job, and had only small sums of money in the bank. From this evidence, and evidence as to the small sums that appellant had in the bank, the jury could properly find that appellant did not have over $22,000.00 in cash on hand. Likewise, the jury could properly find from the evidence that appellant did not own a valuable grain elevator, that he was not the president of a nonexistent Sterling Enterprises, and that appellant did not have more than a quarter of a million dollars invested in his own business.

We therefore hold that there was sufficient evidence as to each of the portions of the financial statement alleged by the Government to be false to submit each of those allegations to the jury.

Appellant finally argues that certificates from the Jefferson County and Logan County, Colorado, Clerks and Recorders to the effect that no trade name affidavit for Sterling Enterprises had been filed in their respective offices were not properly authenticated because they failed to recite that a diligent search of the records had been undertaken. Fed.R.Civ.P. rule 44(b) incorporated by Fed.R.Crim.P. rule 27. The Government urges that the certificates were properly admissible under 28 U.S.C. § 1739, as permitted by Fed.R.Civ.P. rule 44(c). Section 1739, while providing for the admission of state and territorial nonjudicial records, makes no provision for certification by the custodian of such records that a certain document is not of record. The certificate from the Jefferson County Clerk and Recorder recited that ". . . a search of the corporation and trade name files from Jan. 2, 1968 to Nov. 16, 1972 of this County, does not reveal any record of the Sterling Enterprises or Sterling Enterprises Inc." The certificate from the Logan County Clerk and Recorder certified that ". . . according to the real property records of this office, there is no record of a TRADE NAME AFFIDAVIT having been filed or recorded . . . ." There has been substantial compliance with the rule, and reversing this case simply because the certificates failed to recite the word "diligent" would protect no substantial right of appellant and would indicate nothing but a total capitulation to form over substance.

Affirmed.