The UNITED STATES of America,
Plaintiff-Appellee,

v.

Steve Louis KANDIS, aka Stve Romano,
aka Steve Ramono, Defendant-
Appellant.

No. 73–1416.

United States Court of Appeals,
Tenth Circuit.

Submitted on briefs Oct. 18, 1973.

Decided Jan. 28, 1974.

Rehearing Denied Feb. 27, 1974.

Thomas A. Wallace, Denver, Colo., for defendant-appellant.

Richard J. Spelts, Asst. U. S. Atty., Denver, Colo. (James L. Treece, U. S. Atty., with him on the brief), for plaintiff-appellee.

Before LEWIS, Chief Judge, and JONES * and McWILLIAMS, Circuit Judges.

* Of the Fifth Circuit, sitting by designation.

714

PER CURIAM.

This appeal follows a judgment and sentence entered by the District Court for the District of Colorado after a jury verdict determined Kandis to be guilty of a violation of 18 U.S.C. § 1014, knowingly making a false statement to a federally-insured bank for the purpose of obtaining a loan. Appellant asserts three contentions of trial error as grounds of prejudice requiring the conviction to be set aside. We hold each such contention to be without merit and affirm.

 Kandis obtained two loans from the subject bank, one under the name Romano and another under the name Ramono. He was prosecuted under his true name Kandis, aka, Romano and Ramono. Obviously, evidence probing appellant's identity and his use of other names in regard to the transaction properly probed the charge and the fact that the bank relied primarily upon the identity of a guarantor in making the loan did not negative the admissibility of such evidence. Appellant's claim to the contrary must fail. United States v. Skolek, 10 Cir., 474 F.2d 582.

Next, Kandis argues that the court erred in allowing the witness Simeone, the guarantor of the subject notes, to claim a fifth amendment right to refuse to testify. Simeone was subpoenaed by the government but called by the appellant, and thereupon claimed the constitutional immunity. This privilege is personal to the witness, United States v. Skolek, *supra,* and extends to any disclosures which the witness may reasonably apprehend could be used in a criminal prosecution or could lead to other evidence that might be used against him. In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527. Here, the evidence showed Simeone was personally present during the granting of the first loan, knowingly vouched for Kandis' false identity and was clearly and deeply involved in the transaction. His right to immunity was firmly established and the ruling of the court was manifestly correct.

Finally, Kandis claims that the prosecution in rebuttal argument was allowed to argue a prejudicial non-evidentiary fact. Again, the claim is without merit. During the cross-examination of some prosecution witnesses counsel attempted to establish the possibility that some of the assets listed by appellant in his financial disclosure statement could have been owned by him under another name or by a corporation in which he owned stock. This possibility was renewed in argument as one not negatived by the prosecution. In rebuttal argument, the assistant United States attorney pointed out that the financial statement form had a specific place for the listing of corporate holdings which Kandis had left blank and proceeded to argue the inference that Kandis owned no such assets. Although there was no specific evidence of lack of such ownership the argument is well conceived and proper. United States v. Dota, 10 Cir., 482 F.2d 1005.

Affirmed.