**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Morris HARRIS, Defendant-Appellant.**

No. 76–4051
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 27, 1977.

Rehearing and Rehearing En Banc
Denied May 26, 1977.

Joseph R. Raggio, Dennis R. Whalen, Baton Rouge, La., for defendant-appellant.

Douglas M. Gonzales, U. S. Atty., Stephen A. Mayo, Asst U. S. Atty., Baton Rouge, La., for plaintiff-appellee.

Before COLEMAN, GODBOLD and TJOFLAT, Circuit Judges.

PER CURIAM:

Appellant was convicted of engaging in the business of dealing in firearms without a license, 18 U.S.C. § 922(a)(1).

This circuit already had held that § 922(a)(1) is not unconstitutionally vague. *United States v. King*, 532 F.2d 505 (CA5,1976).

The only other issue appellant raises concerns the admission into evidence of a certificate from an agent of the Bureau of Alcohol, Tobacco and Firearms Division of the Department of the Treasury stating that appellant had not been granted a license to engage in business as a firearms dealer. Appellant contends that admission of this certificate violated Rule 803(10) of the Federal Rules of Evidence because the certificate did not state that a diligent search of records had been made. Rule 803(10), an exception to the hearsay rule, provides:

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

*Absence of public record or entry.*—To prove the absence of a record, report, statement, or data compilation, in any form, or the nonoccurrence or nonexistence of a matter of which a record, report, statement, or data compilation, in any form, was regularly made and preserved by a public office or agency, evidence in the form of a certification in accordance with rule 902,[1] or testimony, that diligent search failed to disclose the record, report, statement, or data compilation, or entry.

The certificate by the agent stated in relevant part:

I do hereby further certify that Morris Harris, 4154 Pitcher Street, Baton Rouge, Louisiana, has not been granted a license to engage in business as [a] dealer in firearms other than destructive devices or ammunition for other than destructive devices as of February 24, 1976.

Although there is no statement in the certificate that a "diligent search" had been made, we think this omission does not cause the admission of the certificate to be reversible error. We agree with the Court of Appeals for the Tenth Circuit which, in a similar case, said:

There has been substantial compliance with the rule, and reversing this case simply because the certificate failed to recite the word "diligent" would protect no substantial right of appellant and would indicate nothing but a total capitulation to form over substance.

*United States v. Dota,* 482 F.2d 1005 (CA10), *cert. denied,* 414 U.S. 1071, 94 S.Ct. 583, 38 L.Ed.2d 477 (1973); *accord, United States v. Farris,* 517 F.2d 226 (CA7), *cert. denied,* 423 U.S. 892, 96 S.Ct. 189, 46 L.Ed.2d 123 (1975).[2]

The exception to the hearsay rule embodied in Rule 803(10) is justified because evidence admitted under it is in its nature highly reliable, i.e., the "yes or no" of whether a license has been issued; because the records from which the evidence comes are open to the public thereby increasing the probability that any errors will be found and corrected; and because there is a substantial need for such evidence. *See generally* 5 Wigmore on Evidence §§ 1631–32, 1678(7) (Chadbourn rev., 1974). The justifications for this exception have been met in this case.

AFFIRMED.

---

1. The government complied with Rule 902.

2. *Dota* and *Farris* were decided before the effective date of the Federal Rules of Evidence under Federal Rule of Criminal Procedure 27 and Federal Rule of Civil Procedure 44. However the provision of a "diligent search" is also in Rule 44 and thus the principle involved is the same.