**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 4 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RUDOLPHO COYAZO, JR.
(originally indicted as Rodolpho
Coyazo, Jr. then amended to reflect
true name of Rudolpho Coyazo, Jr.),

Defendant - Appellant.

Nos. 98-5117
and 98-5214

(N. D. Oklahoma)

(D.C. No. CR-98-43-B)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Following a jury trial, Rudolpho Coyazo, Jr. was convicted on ten counts of armed robbery in violation of 18 U.S.C. § 1951, on four counts of using or carrying a gun during a crime of violence in violation of 18 U.S.C. § 924(c), and on one count of escape in violation of 18 U.S.C. § 751. In this appeal,[1] Coyazo contends that the district court erred by denying his motion to sever the escape count from the remainder of the charges. He also contends that the evidence was insufficient to support convictions on two of the robbery charges and the related two gun charges. We affirm.

Because a jury convicted Coyazo, we recite the facts in the light most favorable to the government. See United States v. Eads, No. 98-1331, __ F.3d ___, 1999 WL 626094, at *1 (10th Cir. Aug. 18, 1999). Between January and March 1998, Coyazo committed ten robberies of hotels, motels, and a drug store in Tulsa, Oklahoma. During four of the robberies, he used or carried a gun. Coyazo was arrested on March 13, 1998, and detained. While he was in jail, Coyazo fashioned a makeshift key that could open the jail lock. On the evening of March 30, 1998, he escaped from jail. The next day, a family member called the FBI, and that evening, Coyazo surrendered peacefully at his mother's house.

---

[1]Because two notices of appeal were filed, the clerk's office assigned two case numbers that have been consolidated into this single appeal.

A.  Joinder of Offenses.  Coyazo argues that the escape count should not have been joined with the fourteen robbery and firearm counts under Fed. R. Crim. P. 8.  Additionally, he contends that the district court's refusal to sever the escape count from the robbery and firearm counts pursuant to Fed. R. Crim. P. 14 resulted in unfair prejudice.

Rules 8 and 14 of the Federal Rules of Criminal Procedure govern the joinder of separate offenses in a single indictment and trial.  Rule 8 permits the joinder of offenses that "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."  The alleged misjoinder of offenses is a question of law that we review de novo, broadly construing Rule 8 to allow liberal joinder in the interests of judicial efficiency.  See United States v. Johnson, 130 F.3d 1420, 1427 (10th Cir. 1997), cert. denied, 119 S. Ct. 78 (1998).  However, even if joinder is proper under Rule 8, the district court may still sever the offenses for separate trials pursuant to Fed. R. Crim. P. 14, if the defendant may be prejudiced by the joinder.  We review the district court's denial of a motion to sever for abuse of discretion.  See Johnson, 130 F.3d at 1427.  The defendant's burden to "'show an abuse of discretion in this context is a difficult one.'"  Id. (quoting United States v. Valentine, 706 F.2d 282, 290 (10th Cir. 1983)).  In order to establish abuse of discretion under Rule 14, a defendant must

demonstrate that his right to a fair trial was threatened or actually deprived.  See Johnson, 130 F.3d at 1427.

As a general rule, a charge of bail jumping or escape may be sufficiently "connected together" with a substantive offense to permit a single trial, at least when the charges are related in time, the motive for flight was avoidance of prosecution, and the defendant's custody stemmed directly from the underlying substantive charges.  United States v. Gabay, 923 F.2d 1536, 1539-40 (11th Cir. 1991); United States  v. Ritch, 583 F.2d 1179, 1181 (1st Cir. 1978); United States v. Peoples, 748 F.2d 934, 936 (4th Cir. 1984); United States v. Bourassa, 411 F.2d 69, 74 (10th Cir. 1969) (finding a bail jumping charge sufficiently connected to the underlying substantive charge for joinder under Rule 8).

Despite the time proximity and the fact that his custody stemmed from the robbery charges, Coyazo attempts to distinguish his case from the general rule, arguing his escape resulted from the opportune and accidental opening of the cell door, which, in light of his surrender the next evening, cannot be viewed as an attempt to avoid prosecution.  Coyazo's argument ignores the evidence that he made a key capable of opening the cell door, and his novel contention—that he did not use the key, but merely chanced upon the open cell door—is insufficient to distinguish Bourassa.  Accordingly, we conclude that the escape charge was properly joined with the substantive offenses under Rule 8.

Coyazo next argues that the district court abused its discretion and prejudiced him by allowing the charges to be tried together. It is well-settled that escape can be offered as proof of the consciousness of guilt and carries a strong presumption of admissibility. See United States v. Martinez, 681 F.2d 1248, 1256 (10th Cir. 1982). Nonetheless, Coyazo argues consciousness of guilt may not be inferred from his escape, since at the time, the indictment had not been returned, and he did not know all the charges against him. However, the testimony at trial revealed numerous telephone conversations between Coyazo and a friend which occurred while Coyazo was in jail, and which concerned the attempt to conceal evidence linking Coyazo to the robberies. Such testimony indicates that Coyazo had sufficient awareness of the charges, and Coyazo has made no showing that his escape would not have been admissible as further evidence of his consciousness of guilt. See United States v. Elliott, 418 F.2d 219, 221 (9th Cir. 1969) (no abuse of discretion in the joinder of escape and kidnapping charges); Bourassa, 411 F.2d at 74 (no abuse of discretion, since, inter alia, "flight was a circumstance that might be considered in determining guilt [on the substantive offense]"). Therefore, Coyazo has failed to show any prejudice resulting from the joinder, and we conclude the district court did not abuse its discretion by refusing to sever the charges.

B. Sufficiency of the Evidence. As his next claim of error, Coyazo argues that the evidence was insufficient to support his conviction on counts nine, ten, eleven and twelve. A defendant who challenges his conviction based on insufficiency of the evidence faces a difficult standard of review. United States v. Haslip, 160 F.3d 649, 652 (10th Cir. 1998). That is, conducting a de novo review of the record, we view the evidence most favorable to the government, and we "reverse . . . only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (internal quotations omitted). "The jury, as fact finder, has discretion to resolve all conflicting testimony, weigh the evidence, and draw inferences from the basic facts to the ultimate facts," United States v. Valadez-Gallegos, 162 F.3d 1256, 1262 (10th Cir. 1998), and, in our review, we "may neither weigh conflicting evidence nor consider the credibility of witnesses." Haslip 160 F.3d at 653 (internal quotation omitted). However, we will not uphold a conviction obtained by piling inference upon inference, and the evidence in support of a conviction must do more than raise a suspicion of guilt. Valadez-Gallegos, 162 F.3d at 1262.

Counts nine and ten relate to the robbery of a Super 8 Motel, and counts eleven and twelve relate to the robbery of a Comfort Inn. Both robberies occurred on the night of March 11, 1998, within two hours of each other, and the businesses are located within the same general area of Tulsa. R. Vol. IV at 50.

-6-

Additionally, two other robberies occurred that night. In fact, the four robberies occurred within a few hours and miles of each other, and Coyazo was charged with, and convicted of, all four. In separate police interviews that occurred shortly after each of the four robberies, the victims provided substantially similar physical descriptions of the robber, including general height, weight, build, hair color, clothing, and the weapon used. At least one of the victims picked Coyazo from a photo lineup. The others specifically identified either the gun Coyazo used or articles of his clothing. Id. at 123-25; 136-37; 145-46; 153-55. Following his arrest on March 13, Coyazo confessed to committing the robbery of the Super 8 Motel, but he did not confess to the robbery of the Comfort Inn. Id. at 49, 53.

Coyazo first attacks his conviction on counts eleven and twelve related to the Comfort Inn robbery. He contends that the only witness lacked credibility because, although she identified him at trial, she failed to identify him in an earlier photo lineup. Additionally, Coyazo attacks his conviction on counts nine and ten related to the Super 8 Motel, contending that the victims never specifically identified him.

Our review of the record reveals substantial evidence to support Coyazo's conviction on the counts related to both robberies. As to the robbery of the Comfort Inn, in addition to her courtroom identification of Coyazo, the witness

also positively identified the weapon recovered from Coyazo's home as the weapon upon which she focused during the robbery. Id. at 111. In light of the Comfort Inn victim's courtroom identification, and the similarity of descriptions from the other robbery victims, including the robbery method, and the proximity of locations and time, we conclude that the evidence was sufficient to allow a reasonable jury to find Coyazo guilty beyond a reasonable doubt on counts eleven and twelve.

Respecting the Super 8 robbery, to which Coyazo confessed, "it is not necessary for the corroborating evidence to establish independently each element of the crime. Instead, the prosecution is required to produce substantial independent evidence which would tend to establish the trustworthiness of the statement." United States v. Wiseman, 172 F.3d 1196, 1212 (10th Cir. 1999). In this case, we find the testimony given by the victims of the Super 8 Motel robbery, including their specific identification of Coyazo's clothes, was sufficient to corroborate Coyazo's confession.

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-8-