**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 12, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

TOMMY WAYNE DAVIS,

     Defendant - Appellant.

No. 14-7078
(D.C. No. 6:12-CR-00061-RAW-2)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**<sup>*</sup>

_____

Before **PHILLIPS**, **BALDOCK**, and **EBEL**, Circuit Judges.<sup>**</sup>

_____

This matter was previously before the Court when Defendant Tommy Wayne

Davis, together with co-defendant Michael Calhoun and another co-defendant,

prematurely sought to appeal a district court order denying their motion to quash the

indictment. A grand jury returned a 60-count indictment in which it charged

Defendant Davis with 49 counts of mail and wire fraud and conspiracy to commit the

---

   <sup>*</sup> This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

   <sup>**</sup> After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

same. Absent a "final decision," we dismissed the appeal for want of subject matter jurisdiction. United States v. Tucker, 745 F.3d 1054, 1062–70 (10th Cir. 2014). Back in district court, Defendant entered into a plea agreement with the Government. Defendant pled guilty to one count of conspiracy to commit wire or mail fraud in violation of 18 U.S.C. § 1349 and reserved his right to appeal the denial of the motion to quash. The district court sentenced Defendant to five years probation but did not impose a fine or restitution. Defendant again appealed. We exercise jurisdiction under 28 U.S.C. § 1291, and summarily affirm. Our decision dismissing Defendant's original appeal set forth the historical and procedural facts of this case. Tucker, 745 F.3d at 1057–62. We therefore need not repeat the facts here. Rather, we simply assume the reader's familiarity with the facts as recited in Tucker and proceed directly to the merits of Defendant's appeal.

The factual predicate for Defendant's appeal, which the Government does not dispute, is simple enough: Calhoun's criminal counsel, Tom Mills—hired and paid by Texas Capital Bank—encouraged Calhoun to incriminate himself and his co-defendants before the grand jury for the purpose of assisting the Bank in its efforts to overturn a $65 million civil judgment related to the fraudulent scheme. The legal predicate on which Defendant bases his appeal is more convoluted. Defendant says:

> The flawed Grand Jury process was the direct result of the violation of Calhoun's Sixth Amendment right to counsel, which in turn also violated Calhoun's Fifth Amendment right against self-incrimination, as his self-incriminating Grand Jury testimony came from the urging of his own counsel, whose conflict was so great that not only was the

lawyer not defending Calhoun, but was effectively prosecuting him.

Def's Br. at 16–17. So what concern are these alleged violations of Calhoun's constitutional rights to Defendant? These violations, Defendant asserts, inevitably led to a violation of his own personal "right to a fair and impartial grand jury" as guaranteed by the Fifth Amendment's Indictment Clause.[1] Id. at 17. Defendant essentially argues that the identified violations of Calhoun's constitutional rights resulted in a faulty grand jury process, which in turn resulted in a violation of his own constitutional right to indictment by grand jury.

Defendant's roundabout approach fails. Defendant has no "standing" to assert a violation of Calhoun's Sixth Amendment right to counsel or Fifth Amendment guarantee against self-incrimination.[2] In United States v. Jones, 44 F.3d 860, 873 (10th Cir. 1995), we explained "[t]he Sixth Amendment right to counsel is a personal right. A defendant thus does not have standing to raise the Sixth Amendment claims of a co-defendant." (internal citations omitted). The Fifth Amendment guarantee against self-incrimination is similarly personal. In United States v. Skolek, 474 F.2d

---

[1] The Indictment Clause generally provides "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V.

[2] The term "standing" is technically a misnomer because the question of one's standing to claim a violation of another's constitutional rights does not bear upon the court's subject matter jurisdiction. United States v. Johnson, 584 F.3d 995, 999 n.3 (10th Cir. 2009). Instead, the question of whether a defendant can prevail on a constitutional claim is a matter of substantive law. See id. (citing Rakas v. Illinois, 439 U.S. 128, 140 (1978)).

582, 584 (10th Cir. 1973), we explained "[t]he privilege against self-incrimination is solely for the benefit of the witness and is purely a personal privilege of the witness, not for the protection of other parties." Because Defendant has no "standing" to assert a taint in the grand jury proceedings that led to his indictment, he lacks any legal foundation for his claim that he was not properly indicted.

AFFIRMED.

Entered for the Court


Bobby R. Baldock
United States Circuit Judge

4