UNITED STATES of America,
Plaintiff, Appellee,

v.

John Carlyle RITCH, Defendant,
Appellant.

No. 77-1348.

United States Court of Appeals,
First Circuit.

Submitted Sept. 7, 1978.

Decided Sept. 22, 1978.

Certiorari Denied Nov. 13, 1978.
See 99 S.Ct. 463.

James B. Krasnoo, Boston, Mass., by appointment of the court, and Norris, Kozodoy & Krasnoo, Boston, Mass., on brief for appellant.

Julio Morales Sanchez, U. S. Atty., and Jose A. Quiles, Asst. U. S. Atty., San Juan, P. R., on brief for appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

Defendant-appellant was indicted for possession and importation of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 952(a), following his arrest at the San Juan International Airport on April 28, 1976. When appellant failed to appear for trial of the drug charges on August 23, 1976, his bail was forfeited and an indictment was returned charging him with violation of 18 U.S.C. § 3150. After he was apprehended and returned to Puerto Rico in January, 1977, the district court, over appellant's objection, ordered that the drug and bail jumping charges be consolidated for trial. Appellant was found guilty after a jury trial on all three counts. He appeals from his convictions, arguing (1) that joinder of the drug and bail jumping charges was improper; and (2) that he was not afforded effective assistance of counsel in violation of his rights under the Sixth Amendment. Finding no merit in either claim, we affirm.

I.

Under Rule 13, Fed.R.Crim.P., the court may order that two or more indictments be tried together if the offenses could have been joined in a single indictment. Rule 8(a) sets forth the test for joinder. It provides that "[t]wo or more offenses may be charged in the same indictment . . . if the offenses charged . . . are of the same or similar character or are based on the same act or transaction or *on two or more acts or transactions connected together* or constituting parts of a common scheme or plan." (Emphasis added.)

Appellant first argues that a consolidated trial of the cocaine and bail jump-

ing charges was improper under Rule 8 since those offenses are not of a similar character. The simple answer to this claim is that the scope of Rule 8 is broader. It also permits joinder where the offenses are "connected together". It is well established that a charge of bail jumping or escape may be deemed sufficiently "connected" with a substantive offense to permit a single trial, at least where the charges are related in time, the motive for flight was avoidance of prosecution, and appellant's custody stemmed directly from the substantive charges. *See, e. g., United States v. Quinones*, 516 F.2d 1309, 1312 (1st Cir.), *cert. denied*, 423 U.S. 852, 96 S.Ct. 97, 46 L.Ed.2d 76 (1975); *United States v. Bourassa*, 411 F.2d 69, 74 (10th Cir.), *cert. denied*, 396 U.S. 915, 90 S.Ct. 235, 24 L.Ed.2d 192 (1969); *Bayless v. United States*, 381 F.2d 67, 71–72 (9th Cir. 1967); *see also United States v. Elliot*, 418 F.2d 219 (9th Cir. 1969).

█ Even though consolidation of offenses for trial is proper under Rules 8(a) and 13, a defendant nonetheless may seek severance of the offenses pursuant to Rule 14. Motions for severance, however, are addressed to the discretion of the trial court, *see, e. g., United States v. Luna*, 585 F.2d 1 at 4 (1st Cir. 1978), and a defendant bears a heavy burden to establish abuse. *United States v. Somers*, 496 F.2d 723, 730 (3rd Cir.), *cert. denied*, 419 U.S. 832, 95 S.Ct. 56, 42 L.Ed.2d 58 (1974); *United States v. Abshire*, 471 F.2d 116, 118 (5th Cir. 1972). To prevail, a defendant "must make a 'strong showing of prejudice' likely to result from a joint trial." *United States v. Luna, supra*, quoting *Sagansky v. United States*, 358 F.2d 195, 199 (1st Cir.), *cert. denied*, 385 U.S. 816, 87 S.Ct. 36, 17 L.Ed.2d 55 (1966). Moreover, the prejudice that must be shown is something "more than just a better chance of acquittal" at separate trials. *United States v. Martinez*, 479 F.2d 824, 828 (1st Cir. 1973).

█ Against these principles, appellant's claim must fail. He first asserts prejudice stemming from the fact that the jury at his consolidated trial was exposed to evidence of both offenses and may have used evidence of guilt as to one to infer guilt as to the other. Concededly, the law recognizes that the prejudicial impact of evidence of a defendant's other crimes often outweighs its probative value and therefore that such evidence should not be admissible to prove criminal disposition. *See, e. g.*, Fed.R.Evid. 404(b). Accordingly, courts often have found joinder of unrelated offenses for trial improper, when it would result in the jury's exposure to evidence of the defendant's other misdeeds. *See, e. g., King v. United States*, 355 F.2d 700, 704 (1st Cir. 1966); *Drew v. United States*, 118 U.S.App.D.C. 11, 331 F.2d 85 (1964). Yet, there is a well established qualification to this rule in cases where one of the joined offenses involves escape or flight from prosecution. The courts consistently have held that evidence of flight is admissible, from which the jury may draw an inference of the defendant's consciousness of guilt. *See, e. g., United States v. Schwartz*, 535 F.2d 160, 165 (2d Cir. 1976), *cert. denied*, 430 U.S. 906, 97 S.Ct. 1175, 51 L.Ed.2d 581 (1977); *United States v. Rowan*, 518 F.2d 685, 691 (6th Cir.), *cert. denied*, 423 U.S. 949, 96 S.Ct. 368, 46 L.Ed.2d 284 (1975); *United States v. Bourassa, supra*; *Hanks v. United States*, 388 F.2d 171, 175 (10th Cir.), *cert. denied*, 393 U.S. 863, 89 S.Ct. 144, 21 L.Ed.2d 131 (1968); *United States v. Accardi*, 342 F.2d 697, 700 (2d Cir.), *cert. denied*, 382 U.S. 954, 86 S.Ct. 426, 15 L.Ed.2d 359 (1965). Thus, since the facts concerning appellant's failure to appear for trial would have been admissible at trial of the drug charges in any event, no prejudice arose from joinder of the offenses. *United States v. Bourassa, supra.*

█ Appellant concedes that the evidence at trial was not complicated and that it is clear that the jury was in no way confused by consolidation. *See United States v. Luna, supra.* He argues, however, that consolidation deterred him from presenting fully his defense. We see little in fact or reason to support this claim. Appellant did not testify at trial. He concedes that he had no viable defense to the bail jumping charge and then maintains

that joinder inhibited him from taking the stand in support of his defense to the drug charges. At trial, defense counsel did attempt to establish that appellant had been on a hunting trip in Colombia prior to his arrest at San Juan Airport and argued that the drugs found in his luggage had been placed there without his knowledge. Even assuming that appellant would have been subject to some damaging cross-examination concerning his failure to appear for trial, we fail to see how that constituted any substantial deterrent to his testifying in support of his drug defense if he and his counsel genuinely thought it advisable. Appellant does not and cannot claim that his defenses to the separate charges were logically or factually inconsistent. His flight, while damaging, does not require the conclusion that he was guilty of the substantive counts. While he may have fared better on the drug charges had the jury not known of his flight, something more than simply a better chance of acquittal is required to show undue prejudice. *United States v. Martinez, supra.* We conclude that appellant suffered no impermissible prejudice in the consolidated trial.

## II.

Appellant next contends that the ineffectiveness of his court appointed counsel deprived him of his rights under the Sixth Amendment. In support, he points to numerous alleged errors and omissions by counsel which, it is claimed, singularly or cumulatively amount to a constitutional violation. We note only the most significant. Appellant complains that his counsel failed to seek suppression of the drugs seized after search of his luggage; that as a result of the short time between the appointment of counsel and trial, counsel failed to interview potential defense witnesses; that counsel failed to object to certain hearsay testimony and unresponsive answers by government witnesses; and finally, that counsel did not cross-examine effectively.

█ In this circuit, ineffective assistance of counsel "means representation such as to make a mockery, a sham or a farce of the trial." *United States v. Wright,* 573 F.2d 681, 683–84 (1st Cir. 1978), *quoting United States v. Madrid Ramirez,* 535 F.2d 125, 129 (1st Cir. 1976). While we have left open the possibility of adopting the more lenient "reasonably competent assistance" standard, *see id.* at 129–30, we need not reach that question here, because we are convinced that appellant's representation was constitutionally adequate under either test.

Appellant's first allegation that counsel failed to seek suppression of the fruits of the customs search is factually incorrect and legally insufficient. The record reveals that trial counsel did move to suppress the evidence and to have the drug charges dismissed at the close of the government's case. Denying the motion, the district court held that the evidence had been properly admitted. Even if we assume, however, that suppression motions generally should be made before the commencement of trial, appellant's claim must fail.

█ The decision whether or not to make various pretrial motions is a matter of trial tactics generally not reviewable under a claim of ineffective assistance. *See Moran v. Hogan,* 494 F.2d 1220, 1223 (1st Cir. 1974); *Cottman v. Donnelly,* 398 F.Supp. 1086, 1092 (D.Mass.1975). Moreover, counsel is not required to make futile or frivolous motions. *United States v. Wright, supra,* 573 F.2d at 684. From the record it seems clear, as the district court found, that the search was not improper. The arresting customs inspector testified that appellant, after deplaning from a flight from Colombia, entered his aisle for inspection. While appearing normal at first, appellant became nervous, his hands trembling, when the inspector asked him what he had been doing in Colombia. The inspector also testified that his suspicions were further aroused when appellant, in response, stated that he had been hunting, but was carrying no weapons. The inspector then began to inspect a briefcase which appellant had been holding in his hand while his other luggage was examined. The inspector stated that he knew from prior experience that the make of appellant's briefcase was one

which was frequently equipped with a false bottom for smuggling purposes. Upon opening the case, the inspector first observed an abnormality in the bottom and then noticed a plastic bag sealed to the bottom. Appellant was then asked to step into an office where the plastic bag was opened. It revealed a white powder which a field test indicated was cocaine.

As we have recently noted, the standard by which the constitutionality of a search at an international border is tested is "considerably more relaxed than those applicable to ordinary searches." *United States v. Wardlaw*, 576 F.2d 932, 934 (1st Cir. 1978). In light of that relaxed standard, appellant suffered no prejudice from any failure of counsel to seek suppression, since it seems clear that the customs inspector had the requisite "reasonable suspicion" to justify the search. *See id.* at 934–35.

Appellant's next attack on trial counsel is based on the fact that after his original attorney withdrew from the case as a result of appellant's failure to appear for trial, his trial counsel was appointed some six days prior to the commencement of trial. Apparently trial counsel initially believed that the matter would be disposed of without trial, and after that assumption proved false, had to prepare for trial essentially over the space of a three day weekend. Appellant concedes that the government's case was a simple one and makes no claim that counsel lacked trial experience. *See Rastrom v. Robbins*, 440 F.2d 1251 (1st Cir.), *cert. denied*, 404 U.S. 863, 92 S.Ct. 53, 30 L.Ed.2d 107 (1971). He however argues that as a result of the shortness of this period, counsel failed to interview potential defense witnesses.

■ In *Rastrom*, this court, noting that the amount of time required to prepare a constitutionally adequate defense can vary widely from case to case, refused to adopt a rule that impermissible prejudice would be presumed merely from a showing of short-ness of preparation time. 440 F.2d at 1253–54. Thus, defendant bears the burden of establishing actual prejudice, a burden which has not been met here.

Appellant requested the presence of three individuals, believed to be living in Florida, who allegedly would testify that appellant had been hunting with them in Colombia prior to his arrest. On the first day of trial, counsel informed the court of his inability as of that day to contact these individuals and requested a continuance. While permitting the government's case to proceed, the court ordered the U.S. Attorney's office to help defense counsel try to contact them. When these initial attempts failed, the court granted a one day continuance, during which the U.S. Attorney and defense counsel renewed their efforts to track down the witnesses. *Compare Rastrom v. Robbins, supra.* On the following day, after efforts to contact two of the witnesses were apparently still unavailing and it had been learned that the third witness was out of the country and had refused to come to Puerto Rico to testify, the government agreed to a stipulation as to the content of their testimony. As read to the jury, this stipulation stated that the witnesses would testify that appellant had been on a hunting trip in Colombia with them; that while there he had spent some of his time in their company; and that to the best of their knowledge, he had done nothing illegal.

■ Given the fact that the substance of the testimony of these witnesses, who in fact proved to be unavailable, was presented to the jury, we believe that appellant was not prejudiced by any failure of counsel to contact them before trial.[1] Based on this stipulated testimony, defense counsel, as noted, argued that appellant had been in Colombia for recreational purposes and that the drugs found in his luggage could have been placed there without his knowledge. Judging from the jury's verdict, this de-

---

1. We note in this regard that while the stipulated testimony confirmed appellant's claim that he had been hunting, it in no way negated the possibility, supported by other evidence, that he had had ample time while in Colombia to procure the cocaine.

fense was not a winning one.[2] While appellant perhaps cannot be faulted for wishing that counsel had been more vigorous in his defense, from the record it is clear that counsel's preparation and presentation of the defense far exceeded the dismal performances condemned in the cases upon which he seeks to rely. *See Twiford v. Peyton*, 372 F.2d 670 (4th Cir. 1967); *Brubaker v. Dickson*, 310 F.2d 30 (9th Cir. 1962), *cert. denied*, 372 U.S. 978, 83 S.Ct. 1110, 10 L.Ed.2d 143 (1963).

 The last group of alleged failures to make certain evidentiary objections may be disposed of quickly. Certain of the objections which appellant claims counsel should have made, quite clearly would have been frivolous. Although other objections might have been technically sustainable, their omission was not prejudicial because the prosecutor could properly have asked the questions to which counsel allegedly should have objected simply by rephrasing them.[3] Finally, with reference to appellant's general complaint that trial counsel failed to cross-examine as effectively as he might have, we note again that the government's evidence was quite simple and its case strong. We are satisfied that appellant's representation adequately exceeded the constitutional minimum.

*Affirmed.*

---

**2.** Appellant's additional contention that trial counsel should have challenged the government's proof as to the chemical composition of the cocaine is clearly frivolous in light of the strength of the testimony of the government's chemist and the fact that appellant does not actually challenge the sufficiency of the evidence on this or any other element of the government's case.

**3.** As to the claim that an objection should have been made to the adequacy of the foundation for the testimony of Mr. Schreiber, a chemist with the Drug Enforcement Administration, concerning the number of dosages which could be obtained from the amount of cocaine seized from appellant, it appears that Mr. Schreiber's educational background and experience established his competence to make the estimate. However, even assuming this to be debatable, we find little chance of prejudice. The sole purpose of this testimony was to establish that the large quantity of cocaine found in appellant's luggage was intended for distribution, not personal use. We think that that quantity, some 765.4 grams, could speak for itself on this point.