**UNITED STATES of America, Appellee,**

v.

**Curtis Lee PEOPLES, a/k/a Tyrone Owens, Appellant.**

No. 84–5041.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 2, 1984.

Decided Nov. 30, 1984.

---

Wm. Reynolds Williams, Florence, S.C. (Willcox, Hardee, McLeod, Buyck & Baker, Florence, S.C., on brief), for appellant.

David J. Slattery, Asst. U.S. Atty., Columbia, S.C. (Henry Dargan McMaster, U.S. Atty., Columbia, S.C., Akim Anastopoulo, Third Year Law Student on brief), for appellee.

Before PHILLIPS and SPROUSE, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.

PER CURIAM:

Curtis Lee Peoples appeals from convictions for bank robbery, 18 U.S.C. § 2113, and escape from federal custody, 18 U.S.C. § 751. The bank robbery occurred in Florence, South Carolina, on March 26, 1982. Police officers captured Peoples after a car chase and gun battle. On April 4, 1982, Peoples escaped from a detention center in Florence, but was recaptured.

The district court permitted joinder of the robbery and escape charges for trial over Peoples's objection. In addition, the court admitted into evidence an in-court identification of Peoples by a witness, Ms. Wright, who stated that Peoples, the only young black male in the courtroom, resembled one of the bank robbers. Peoples had no notice that Wright would make an in-court identification. The court also admitted into evidence testimony by Deputy Marshall Clark concerning a conversation Clark had with Peoples while transporting Peoples through Washington, D.C., on matters relating to another case against Peoples. In response to Clark's inquiry whether Peoples lived in South Carolina, Peoples told him the story of his role in the bank robbery. Finally, the district court admitted into evidence testimony concerning an apology made by Peoples to Police Officer Burdette. During the time when FBI Agent Dew was interrogating Peoples, Burdette

walked into the room. Peoples apologized for shooting at him before Burdette said anything. The district court did not make a prior determination of the voluntariness of this statement under 18 U.S.C. § 3501(a).

Peoples contends that the district court committed reversible error in joining the robbery and escape charges because the charges are not connected as required by Fed.R.Crim.P. 8(a), and joinder is unduly prejudicial. In addition, Peoples argues that the court improperly admitted Wright's in-court identification because Wright identified him under unnecessarily suggestive circumstances. Peoples argues that admission of Clark's testimony concerning Peoples's admission of participation in the bank robbery violated the rule against interrogation of the defendant out of the presence of his attorney after initiation of the adversarial process established in *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). Finally, Peoples argues that admission of Burdette's testimony concerning Peoples's incriminating apology without a prior determination of voluntariness constitutes reversible error. We find no error in the proceedings before the district court and affirm the convictions.

■■■ An escape and the underlying substantive offense are sufficiently connected to permit joinder under Fed.R. Crim.P. 8(a) if the offenses are related in time, the motive for flight was avoidance of prosecution on the substantive offense, and custody derived directly from the substantive offense. *United States v. Ritch*, 583 F.2d 1179, 1181 (1st Cir.1978). Peoples escaped only days after the robbery, the robbery led directly to custody, and although Peoples had other outstanding charges against him, the robbery charge was the most recent motive for flight. Hence, Rule 8(a) permits joinder.

■■■ Even if Rule 8(a) permits joinder, the court should not grant a motion to join if unfair prejudice results to the defendant. *United States v. Jamar*, 561 F.2d 1103, 1106 (4th Cir.1977). Unfair prejudice does

not result if evidence admissible to prove each charge is also admissible to prove the other charge. *Id.* at 1106–07. Peoples does not establish unfair prejudice because evidence of flight is admissible to prove guilty conscience and evidence of the underlying offense is admissible to prove motive for flight under Fed.R.Evid. 404(b). *See United States v. Schwartz*, 535 F.2d 160, 165 (2d Cir.1976); *United States v. Rowan*, 518 F.2d 685, 691 (6th Cir.1975).

■■■ Peoples had no right to receive notice that Wright would identify him in court because a defendant cannot discover a witness's statement until after her testimony. 18 U.S.C. § 3500(a). Identification of the defendant is part of a witness's statement. *United States v. Burke*, 506 F.2d 1165, 1167–68 (9th Cir.1974). Wright saw the bank robbers on two separate occasions on the date of the robbery. In view of the circumstances, Wright's in-court identification is admissible because it is reliable even if the courtroom confrontation was suggestive. *See Neil v. Biggers*, 409 U.S. 188, 198–99, 93 S.Ct. 375, 381–82, 34 L.Ed.2d 401 (1972). Moreover, an identification is not unreliable because it is phrased in uncertain terms. *Patler v. Slayton*, 503 F.2d 472, 476–77 (4th Cir. 1974). An identification based directly on the witness's observations, and not tainted by prior confrontations, is not inadmissible. *See Neil*, 409 U.S. at 196–201, 93 S.Ct. at 380–83.

■■■ Clark's testimony concerning Peoples's admission that he took part in the robbery is admissible despite the fact that the adversarial process had begun and Peoples's attorney was not present, because Clark did not interrogate Peoples. *See Massiah*, 377 U.S. at 206, 84 S.Ct. at 1203. Although interrogation includes more than direct questioning, Clark did not interrogate Peoples because he in no way deliberately elicited information from Peoples. *See Rhode Island v. Innis*, 446 U.S. 291, 300–01, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980).

Burdette's testimony regarding Peoples's incriminating apology is admissible despite the lack of a prior determination of voluntariness because 18 U.S.C. § 3501(d) provides that the court need not make the prior determination if the defendant made the statement without interrogation. Burdette was not interrogating Peoples when Peoples apologized, and although Dew was questioning him at the time, the statement to Burdette was spontaneous and unelicited.

Finding no merit in Peoples's allegations of error in the district court, we affirm the convictions.

*AFFIRMED.*