818 F.2d 862
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Gary Steven MANDEL, Appellant.
 No. 85-5280.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 6, 1987.
Decided May 12, 1987.
 
 Before WINTER, Chief Judge, SPROUSE, Circuit Judge, and MERHIGE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 Paul R. Kramer on brief for appellant.
 J. Sedwick Sollers, III, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney; John G. Douglass, Assistant United States Attorney, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Gary S. Mandel ("Mandel", "Appellant") was tried before a jury on an eight (8) count indictment and convicted on four (4) counts of obtaining possession of a controlled substance by forgery in violation of 21 U.S.C. Sec. 843(a)(3). Mandel made a timely filing of his appeal, and after review of these alleged errors, we AFFIRM on all counts.
 
 I.
 
 2
 On March 13, 1985 the Special Narcotics Grand Jury for the District of Maryland returned an eight (8) count indictment against Mandel for criminal activities arising out of his use of the drug dilaudid.[1] Count 1 of the indictment charged Mandel with conspiracy to distribute dilaudid in violation of 21 U.S.C. SS 846. Counts 2-4 charged Mandel with distribution of dilaudid in violation of 21 U.S.C.Sec. 841(a)(1) and 18 U.S.C. Sec. 2. Counts 5-8 of the indictment, on which Mandel was ultimately found guilty, charged him with obtaining possession of a controlled substance by forgery in violation of 21 U.S.C. Sec. 843(a)(1).
 
 
 3
 At arraignment, Mandel pled not guilty to each count, and the trial judge set April 15, 1985 as the date for pre-trial motions. No motions were filed and counsel was advised that trial would be scheduled for September 18, 1985.
 
 
 4
 On September 11, 1985, just seven (7) days prior to trial, Mandel moved to sever the forgery counts from the distribution and conspiracy counts. On September 16, 1985, only two (2) days before trial, defendant moved to continue the trial and/or for authority to use an insanity defense. The trial judge denied all outstanding motions.
 
 
 5
 on the day of trial appellant, who at the time was an experienced attorney, personally moved for a continuance on the grounds that the case was not ready for trial because of alleged deficiencies in preparation. Upon questioning by the Court, Mandel stated that he had been aware of the alleged deficiencies for some time prior to the day set for trial. The motion was denied. After seven (7) days of trial, Mandel was found guilty on the forgery counts, and not guilty on the distribution and conspiracy counts.
 
 
 6
 Within thirty days of judgment, on October 9, 1985, Mandel filed a motion for judgment of acquittal, or in the alternative, for new trial; all motions were denied on November 6, 1985.
 
 
 7
 On May 14, 1986 Mandel filed a second motion for new trial based on newly discovered evidence and a motion for the court to order disclosure by the government of information in their possession prior to and during trial. To date, the district court has not ruled on these motions.
 
 II.
 
 8
 A. Mandel's motion to sever the conspiracy and distribution charges from the forgery charges was denied by the district court. Mandel argues on appeal that under the Federal Rules of Criminal Procedure 8(a), conspiracy and distribution were misjoined because they cannot be considered "similar offenses." Mandel argues that since the conspiracy and distribution charges were offenses relating to the selling of dilaudid to third per sons and the forgery charges were offenses focusing on Mandel's own personal abuse of the drug, they should not have been joined. Moreover, Mandel believes that the lapse of time between the acts giving rise to conspiracy and distribution and those giving rise to the defendant's forgeries evidence the misjoinder. The government, however, argues that joinder was proper since all three of the offenses arose out of Mandel's illegal association with the drug, dilaudid. The government further argues that the joinder did not prejudice the defendant and thus the district court was correct in denying the motion to sever.
 
 
 9
 In United States v. Jamar, 561 F.2d 1103 (4th Cir. 1977), we recognized a two-tier test for resolving questions of joinder. First, a court must analyze whether the joinder was proper under Rule 8 of the Federal Rules of Criminal Procedure. If the court finds the counts properly joined then it must look to Rule 14 to determine whether the defendant was prejudiced by the joinder.
 
 
 10
 Rule 8(a) provides, in pertinent part, that:
 
 
 11
 Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.
 
 
 12
 In United States v. Hutchings, 751 F.2d 230, 235 (8th Cir. 1984) the Court held that "Rule 8(a) does not require that offenses be of an identical nature before they can be joined properly; rather joinder is appropriate even if the offenses are of similar character, or constitute parts of a common scheme or plan."
 
 
 13
 We are satisfied that joinder was proper under Rule 8(a). While there are differences between the conspiracy and distribution counts and those forgery counts, we find Mandel's illegal use of the drug dilaudid integral to each count and a sufficient nexus to support their joinder.
 
 
 14
 We are further satisfied that the joinder of all eight counts did not prejudice the defendant. Rule 14 provides, in pertinent part:
 
 
 15
 If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. Federal Rules of Criminal Procedure 14.
 
 
 16
 It is Mandel's argument that he was prejudiced by the joinder of these counts because the character evidence that was introduced to support the conspiracy and distribution charges would not have been admitted in a separate trial of the forgery charges. The government argues, however, that this evidence would have been admitted in a separate trial on the forgery counts under Federal Rule of Evidence 404(b).
 
 
 17
 In United States v. Jamar, supra, 561 F.2d at 1106-07, we recognized that "if the evidence of all the joined crimes would be mutually admissible for legitimate purposes in separate trials for each offense, the possibilities of prejudice from the fact of joinder no longer present themselves so forcefully." In the instant case, the allegedly prejudicial evidence would have been admissable in a separate trial for forgery to prove motive, intent, plan, knowledge or absence of mistake or accident. See generally Federal Rules of Evidence 404(b); see also United States v. Peoples, 748 F.2d 934 (4th Cir. 1984), cert. denied, 105 S.Ct. 2143 (1985). Accordingly, we find no error in the Court's denying separate trials.
 
 
 18
 B. Mandel also argues that the district court committed error when it barred the defendant's use of the insanity defense. The defendant moved to use the insanity defense two days before, trial. The government argues that this dilatory filing is inexcusable in the instant case since all the pertinent materials bearing on Mandel's sanity were available by March, 1985, seven months before trial. The district court denied the defendant's motion, holding that "while the defendant may be enamored of the defense, he has not convinced the court that there is any significant merit to it." The court further held that to [i]n attempting to raise the defense at that late date, there needs to be 'not only explanation for the belatedness of the party's action, but also ... a showing of some merit in the position belatedly to be advanced." ' Court's letter at 3. (citations omitted)
 
 
 19
 Rule 12.2(a) of the Federal Rules of criminal Procedure governs the insanity defense. Rule 12.2(a) provides, in pertinent part, that:
 
 
 20
 If a defendant intends to rely upon the defense of insanity at the time of the alleged offense, he shall, within the time provided for the filing of pretrial motions or at such later time as the court may direct notify the attorney for the government in writing of such intention and file a copy of such notice with the clerk.... The court may for cause shown allow late filing of the notice or grant additional time to the parties to prepare for trial or make such other order as may be appropriate.
 
 
 21
 As the trial judge reflected in his letter opinion:
 
 
 22
 [T]he medical reports which concededly formed the principal basis of the defendant's conclusion that the defense was available had been provided to the defendant in March, and nothing stood to prevent the defendant from further exploring and developing the defense during the past six months because the medical reports were from the defendant's own treating physician. Defendant's counsel did not contest this argument and acknowledged that the defense had been elected only during the past few days.
 
 
 23
 The trial judge also intimated that the insanity defense, while being unmeritorious, was a request for a continuance in disguise.
 
 
 24
 The record does not reflect any "cause" which would have justified the court's granting defendant's motion to assert an insanity defense at trial. Motions were due April 15, 1985. The evidence which the defendant proffered as support for the defense was available from his doctor as early as March of 1985. Despite its availability, the defense waited until two days before trial to file its motion. For all these reasons we affirm the trial court's denial of the insanity defense.
 
 
 25
 C. Mandel also argues that it was error for the district court to reject the defendant's voluntary drug stupor instruction. We disagree.
 
 
 26
 An instruction for voluntary drug stupor is only appropriate where, at the time of the commission of the crime, the defendant is in such a state of drug-induced stupor that he/she cannot form the necessary specific intent to commit the crime. In this case there was no evidence that Mandel was, at the time of the commission of the forgeries, in a state of drug induced stupor. In fact, the only evidence that Mandel introduced in defense of his forgery count was that Dr. Carter authorized him to write the dilaudid prescriptions.
 
 
 27
 The district court instructed the jury that "the government must prove the defendant knowingly did an act which the law forbids, purposefully intending to violate the law." The court further instructed the jury that "it must find a bad purpose either to disobey or to disregard the laws." In light of the evidence presented at trial, these instructions fully apprised the jury as to the intent which the defendant needed in order to be found guilty of the forgery charges.
 
 
 28
 D. Finally, the defense argues that this Court should grant the outstanding motion for a new trial which was filed before the trial judge. Absent extraordinary circumstances, we will not decide any outstanding motion filed at the district court level. There are no extraordinary circumstances in this case, and therefore we will reserve the ruling for the trial judge. Indeed, since the argument in this appeal, the defendant has filed with the District Court still another motion for a new trial and this too is a matter which must first be decided by the trial judge. This is especially appropriate where factual findings may be required in determining validity of the pending motions.
 
 
 29
 For all the reasons stated in this memorandum, we AFFIRM the defendant's conviction and remand the case for the sole purpose of the trial court's ruling on the pending motions.
 
 
 30
 AFFIRMED AND REMANDED.