**UNITED STATES of America**

v.

**Marty Wayne SIMMONS.**

**Nos. C–CR–89–125, C–CR–89–162.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

July 2, 1990.

Robert J. Conrad, Jr., Asst. U.S. Atty., for plaintiff.

George N. Miller, appointed, for defendant in No. C–CR–89–125.

David R. Lange, appointed, for defendant in No. C–CR–89–162.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on the Government's motion, filed June 22, 1990, to consolidate these matters for trial.

■ Defendant was charged in a five count bill of indictment in case number C–CR–89–125, filed September 5, 1989, for committing armed bank robbery in violation of 18 U.S.C. §§ 924 and 2113. Thereafter, during a pretrial hearing before United States Magistrate Paul B. Taylor, Defendant allegedly attempted to escape from the Magistrate's courtroom. Thus, Defendant was charged in a bill of indictment in case number C–CR–89–162 with escape in violation of 18 U.S.C. §§ 751 and 111.

Rule 13 of the Federal Rules of Criminal Procedure is applicable for motions to consolidate. That rule provides:

> The court may order two or more indictments or informations or both to be tried together if the offenses, and the defendants if there is more that one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information.

In determining whether the offenses could have been joined in a single indictment, the Court must look to Rule 8(a) of the Federal Rules of Criminal Procedure. That rule provides:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

In this case, the Court must determine whether the escape and bank robbery are of the same or similar character or are based on the same act or transaction or are based on two or more acts connected together or constituting parts of a common scheme or plan.

■ The purpose of Rule 13 and Rule 8(a) is to conserve judicial resources in trying together sufficiently connected or related offenses which does not unduly prejudice either the government or the defense. *See 8 Moore's Federal Practice*, Par. 13.02 at 13–2 (Matthew Bender 1990) (hereinafter *"Moore's"*). The decision to consolidate is in the district court's discretion unless to do so would create apparent prejudice. *Id.* Thus, there is two-part process for consolidation of indictments under Rules 13 and 8—first, whether the offenses charged in the different indictments could have been joined in a single indictment under Rule 8, and second, whether the joinder prejudices the parties. *Id.* at 13–4.

The Government contends that consolidation is appropriate in this case because the attempted escape occurred during a detention hearing in the bank robbery case. The Government argues that the evidence of the attempted escape would be relevant in the bank robbery trial as evidence of Defendant's consciousness of guilt as revealed through his attempted flight. *See generally United States v. Heitner*, 149 F.2d 105, 107 (2d Cir.1945) (noting that "[I]t has at no time been doubted that flight is a circumstance from which a court or an officer may infer what everyone in daily life inevitably would infer").

In applying the two-part test, the Court must first determine whether these offenses could have been joined in a single indictment pursuant to Rule 8. The Court believes that an attempted escape by a person detained for a bank robbery charge meets the "same or similar character" standard of Rule 8. In the case of *United States v. Peoples*, 748 F.2d 934 (4th Cir.), *cert. denied*, 471 U.S. 1067, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1984), the defendant was arrested and detained in connection with bank robbery charges. The defendant later escaped from a detention center, but was recaptured. The district court permitted the offenses to be joined for trial.

The Fourth Circuit held that the escape and the bank robbery offense were sufficiently connected to permit joinder under Rule 8(a). *Id.* at 936. The Court stated

that the escape occurred only days after the robbery, the robbery led directly to custody, and the robbery charge was the motive for flight. *Id.* Hence, Rule 8(a) permitted joinder in that case. *Id.; see also United States v. Ritch*, 583 F.2d 1179, 1181 (1st Cir.1978) (holding that joinder of drug and bail jumping charges was permissible under Rules 13 and 8).

██ It is now well established that a charge of escape is deemed sufficiently "connected" with a substantive offense to permit a single trial, at least where the charges are related in time, the motive for flight was avoidance of prosecution, and the defendant's custody stemmed directly from the substantive charges. *Ritch*, 583 F.2d at 1181 (numerous citations omitted). In this case, Defendant's attempted escape was close in time to the bank robbery (during a detention hearing); Defendant's motive for attempting to escape was to avoid prosecution of the bank robbery charge; and Defendant's custody stemmed directly from the bank robbery charges. Accordingly, Rule 8(a) would permit these offenses to be indicted in a single bill.

Even if Rule 8(a) permits joinder, the motion to join should not be granted if unfair prejudice results to the defendant. *Peoples*, 748 F.2d at 936 (citing *United States v. Jamar*, 561 F.2d 1103, 1106 (4th Cir.1977)). However, unfair prejudice does not result if evidence admissable to prove each charge is also admissable to prove the other charge. *Peoples*, 748 F.2d at 936. Evidence of an attempted escape or flight from prosecution is often admissable under Rule 404(b) of the Federal Rules of Evidence because the jury may draw an inference of the defendant's consciousness of guilt. *See Ritch*, 583 F.2d at 1181 (providing extensive support for proposition that it is well established the evidence of escape is admissable).

Defendant is unable to establish prejudice in this case. It is likely that evidence of the attempted escape would be admissable in the bank robbery trial to show guilty conscience, and evidence of the bank robbery would be admissable in the escape trial to prove motive for the attempted

flight. *Peoples*, 748 F.2d at 936. Accordingly, because the same evidence would be presented in separate trials, there is no reason to try these matters separately. Therefore, the Court believes the Government's motion to consolidate is meritorious.

NOW, THEREFORE, IT IS ORDERED that the Government's motion to consolidate these matters for trial be, and hereby is, GRANTED. These matters will be tried together.