966 F.2d 1445
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
William MCINTYRE, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
John Antonio EVANS, Defendant-Appellant.
 Nos. 91-5103 & 91-5104.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 5, 1992
Decided: July 7, 1992
 
 Argued: David B. Smith, Jacobovitz, English & Smith, Alexandria, Virginia, for Appellant McIntyre;
 Nina Jean Ginsberg, Dimuro, Ginsberg & Lieberman, P.C., Alexandria, Virginia, for Appellant Evans.
 Jay Apperson, III, Assistant United States Attorney, United States Attorney's Office, Alexandria, Virginia, for Appellee.
 On Brief: Richard Cullen, United States Attorney, United States Attorney's Office, Alexandria, Virginia, for Appellee.
 Before WILKINSON and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 William McIntyre and John Antonio Evans appeal their convictions for distributing cocaine base in violation of 21 U.S.C.A. §§ 841(a)(1) (West 1981), 845a(a) (West Supp. 1992) (§ 845a now codified at 21 U.S.C.A. § 860 (West Supp. 1992)), and 18 U.S.C.A. § 2 (West 1969). They contend that the district court erred in refusing to order pretrial discovery of a Drug Enforcement Agency (DEA) chemist's notes, arguing that they were entitled to this material under Brady v. Maryland, 373 U.S. 83 (1963), Federal Rule of Criminal Procedure 16(a)(1)(D), and the Jencks Act, 18 U.S.C.A. § 3500 (West 1985).[1] Appellants also maintain that there was insufficient evidence to sustain their convictions. We reject these claims and affirm.
 
 I.
 
 2
 In February 1989 an undercover DEA agent purchased a quantity of a controlled substance from Appellants and a co-conspirator. The agent delivered the substance to a DEA chemist who, after analysis, determined that it was cocaine base and that it weighed 50.51 grams. During his analysis the chemist scribbled notations on a legal pad and used these jottings to prepare the official report of his findings on a DEA Form 7.
 
 
 3
 Appellants moved for pretrial discovery of various documents, including "reports of any chemical analysis" and "the original notations, calculations or rough drafts of [these] reports," under Brady, Rule 16(a)(1)(D), and the Jencks Act. The Government provided the Form 7 to defense counsel well in advance of trial, but did not provide the handwritten notes that the chemist made during his analysis. After a hearing on the motions relating to the notes, the trial judge denied Appellants' requests. Despite this ruling, the Government provided the chemist's notes to defense counsel on the morning the trial began. Counsel briefly reviewed the notes with their expert chemist, but found them difficult to decipher. The notes were returned to the Government before the trial began. Counsel neither requested a continuance nor attempted to reacquire the notes for use during crossexamination of the DEA chemist. On appeal Appellants complain that they did not have sufficient time to review the notes because the district court denied their motions for pretrial discovery.
 
 II.
 
 4
 Under Brady and its progeny, a defendant's due process rights are violated if the prosecution fails to disclose evidence that is favorable to the defendant and that is material to guilt or punishment. See Brady, 373 U.S. at 87; United States v. Agurs, 427 U.S. 97, 106-07 (1976) (disclosure may be required under Brady even in the absence of a request by defendant). To show that their rights have been violated under Brady, Appellants must demonstrate (1) that this evidence was favorable to the defense, (2) that the evidence was material, and (3) that the prosecution suppressed the evidence. See United States v. Warhop, 732 F.2d 775, 778 (10th Cir. 1984) (citing Moore v. Illinois, 408 U.S. 786, 794-95 (1972)). The chemist's notes are not part of the record, so we have nothing more than defense counsel's speculation that the notes might have been helpful. Therefore, we are unable to conclude that the notes were favorable to defense, see United States v. Crowell, 586 F.2d 1020, 1029 (4th Cir. 1978) (mere speculation by counsel is not adequate to establish that material was exculpatory under Brady), cert. denied, 440 U.S. 959 (1979), or that there is a reasonable probability that a different verdict would have resulted had the notes been disclosed earlier, see United States v. Bagley, 473 U.S. 667, 682-83 (1985) (reasonable probability standard used to evaluate whether a defendant has satisfied the Brady materiality requirement). Thus, Appellants have not established the elements necessary to support their Brady claim.
 
 III.
 
 5
 Appellants argue that the district court erred by refusing to order pretrial discovery of the chemist's notes under Federal Rule of Criminal Procedure 16(a)(1)(D). This rule requires that the government permit a defendant to inspect, copy, or photograph"any results or reports ... of scientific tests or experiments." Fed. R. Crim. P. 16(a)(1)(D). To prevail on this issue Appellants must first show prejudice caused by the failure of the district court to order pretrial discovery of this material. See, e.g., United States v. Hemmer, 729 F.2d 10, 13 (1st Cir.), cert. denied, 467 U.S. 1218 (1984). As noted above, Appellants have not established that the notes contained any information helpful to their defense, and, therefore, have not shown that they were prejudiced by the ruling of the district court. Consequently, we reject their Rule 16 claim.[2]
 
 IV.
 
 6
 Appellants also assert that they were entitled to pretrial discovery of the chemist's notes under the Jencks Act. This statute plainly limits discovery of material to the period after a government witness has testified on direct examination.[3] See United States v. Anderson, 481 F.2d
 
 
 7
 685, 693-94 (4th Cir. 1973), aff'd, 417 U.S. 211 (1974). Unambiguous statutory language is conclusive unless Congress has clearly expressed a contrary intent, see Russello v. United States, 464 U.S. 16, 20 (1983), and there is no evidence of contrary intent here. In fact, legislative history clearly supports our interpretation of the Act. See H.R. Conf. Rep. No. 1271, 85th Cong., 1st Sess. 3 (1957), reprinted in 1957 U.S.C.C.A.N. 1869, 1869-70; S. Rep. No. 981, 85th Cong., 1st Sess. 1-5 (1957), reprinted in 1957 U.S.C.C.A.N. 1861, 1861-64. Therefore, even if the notes were discoverable under the Act, Appellants would have been entitled to them only after the direct examination of the DEA chemist. See, e.g., Peoples, 748 F.2d at 936. Appellants did not renew their Jencks Act motion after the chemist testified and do not claim that the district court should have ordered that the notes be produced after he testified. We, therefore, conclude that this claim lacks merit.
 
 V.
 
 8
 Finally, Appellants challenge the sufficiency of the evidence to sustain their convictions. We find that the evidence, considered in the light most favorable to the Government, was such that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (standard of review); see also United States v. Luster, 896 F.2d 1122, 1126 (8th Cir. 1990) (elements of offense). Therefore, we reject this claim.
 
 AFFIRMED
 
 
 [1]
 Although the relevant portions of the Jencks Act have been incorporated into Federal Rule of Criminal Procedure 26.2, the Act has not been repealed and courts continue to apply it. See, e.g., United States v. Peoples, 748 F.2d 934, 936 (4th Cir. 1984), cert. denied, 471 U.S. 1067 (1985)
 
 
 [2]
 Because we dispose of this claim on the ground that Appellants have failed to show prejudice, we do not address whether this material was discoverable under Federal Rule of Criminal Procedure 16(a)(1)(D)
 
 
 [3]
 The relevant portion of the Act provides:
 (a) [N]o statement or report in the possession of the United States which was made by a Government witness ... shall be the subject of subpena [sic], discovery, or inspection until said witness has testified on direct examination in the trial of the case.
 (b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the
 United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified.
 18 U.S.C.A. § 3500(a)-(b) (emphasis added).