UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

NACOE RAY BROWN,
        *Defendant-Appellant.*

No. 03-4060

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CR-01-377-AMD)

Submitted: March 8, 2004

Decided: April 6, 2004

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Kenneth W. Ravenell, SCHULMAN, TREEM, KAMINKOW, GIL-
DEN & RAVENELL, P.A., Baltimore, Maryland, for Appellant.
Thomas M. DiBiagio, United States Attorney, Harry M. Gruber,
Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Nacoe Ray Brown appeals his conviction and sentence on three counts of bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d), (f) (2000), 18 U.S.C. § 2 (2000). He was convicted after an eight day jury trial. The district court sentenced him to a term of 300 months' imprisonment. On appeal, he raises several challenges arising out of the trial of this matter. We have reviewed the record, together with Brown's claims on appeal, and find no basis on which to vacate his conviction or sentence.

First, Brown alleges the district court erred in denying his motion to suppress evidence seized from his residence. Contrary to Brown's assertion, we find there was ample probable cause on which the federal magistrate based his issuance of the residential search warrant. This evidence included a ten page, single-spaced warrant application which detailed extensively Brown and Kevin Hilliard's course of illegal conduct during the robberies, which was drafted by a trained and experienced FBI Special Agent with expertise in bank robberies, who attested specifically to the probability that proceeds from the bank robberies, as well as other evidence particularly described in an attached list, would be contained within Brown's residence. The total circumstances support a nexus between Brown's criminal activity and his residence sufficient to support issuance of the warrant. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Brown next contends that the district court erred in admitting into evidence facts relating to his attempt to escape from jail while awaiting trial. He relies on Fed. R. Crim. P. 404(b) to support his argument, claiming specifically that the evidence was unnecessary and that its probative value was clearly substantially outweighed by unfair prejudice. We review the district court's decision on the admission or exclusion of Rule 404(b) evidence for abuse of discretion, *United States v. Simpson*, 910 F.2d 154, 157 (4th Cir. 1990), and the district court's determination relative to the probative and prejudicial value of Rule 403 evidence likewise is entrusted to the sound discretion of the trial judge. *United States v. Morison*, 844 F.2d 1057, 1078 (4th Cir. 1988). We agree with the district court that the attempted escape

evidence was properly admissible as evidence of consciousness of guilt, even absent an express admission by Brown of this fact. *See, e.g.*, *United States v. Peoples*, 748 F.2d 934, 936 (4th Cir. 1984); *United States v. Bartelho*, 129 F.3d 663, 677-78 (1st Cir. 1997).

Brown next challenges the district court's decision to excuse a juror over defense objection, a decision this court reviews for abuse of discretion. *United States v. Nelson*, 102 F.3d 1344, 1349 (4th Cir. 1996). The district court considered the circumstances, as well as the time it would take for the juror to get to the courthouse, and determined that it was not required by the interest of justice to further delay the trial to wait for this juror. Moreover, there is no suggestion here, nor does Brown assert, that the juror was excused because she was African-American. Rather, he merely complains that she happened to be but one of two African-Americans on his jury panel. Because there was a legitimate basis for the district court's decision to replace the juror at issue, we find this claim to be without merit.

Brown next asserts that the district court abused its discretion in permitting Hilliard to read a letter to the jury that Brown wrote on the basis that the letter contained a reference to Brown's lack of plea negotiations with the government. The admission of the plea evidence here was appropriate because Brown's statements were not made pursuant to plea negotiations. *See United States v. Porter*, 821 F.2d 968, 976-77 (4th Cir. 1987).

Brown raises several related allegations of error by the district court relative to the fact that in the middle of trial, Brown's attorney, Kenneth W. Ravenell, learned his firm had previously represented in an unrelated case one of the government's primary witnesses, Kevin Hilliard. Brown's counsel moved to withdraw as Brown's attorney, sought a continuance to obtain alternate counsel to cross-examine Hilliard, and moved for a mistrial relative to this conflict. After being advised by the trial court and his counsel, Hilliard testified that he was willing to give up the confidentiality privilege with defense counsel. Following thorough consideration of defense counsel's motions for mistrial and to withdraw, the district court denied the motions. Following the denial, Mr. Ravenell conducted a vigorous cross-examination that included questioning Hilliard about his prior arrest history, his statements to Brown, his bias, and possible inconsisten-

cies in his story. The detailed cross-examination occupies more than sixty pages of transcript, and Mr. Ravenell used all available information, including information originally learned in a privileged capacity, to dispute and discredit Hilliard's testimony and credibility.

While the discovery of an attorney's prior relationship with a witness in the middle of a trial is unusual, Brown has presented no convincing evidence of an actual conflict or an adverse effect on performance such that he was denied effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984), *Beaver v. Thompson*, 93 F.3d 1186, 1192 (4th Cir. 1996). We find no error in the district court's denial of the defense motions for mistrial, for a continuance, or to withdraw as counsel.

Brown also contends that the district court erred in failing to declare a mistrial when Hilliard testified that Brown related to him that Brown's attorney told Brown he felt he could "beat the case" if Hilliard did not testify against Brown. We find no extraordinary circumstances here that would support disturbance of the district court's discretionary decision not to grant a mistrial based on the one statement by Brown's attorney. *United States v. Hayden*, 85 F.3d 153, 158 (4th Cir. 1996).

Next, Brown challenges the district court's decision to not allow testimony from a defense witness who allegedly would have provided circumstantial evidence that Brown did not commit the robberies. We find no abuse of the district court's discretion in excluding this evidence, following its consideration of counsel's arguments on the issue. *United States v. Carter*, 300 F.3d 415, 423 (4th Cir. 2002).

Brown's final issue on appeal is that the district court erred in giving a slightly different jury instruction on identification from the instruction requested by the defense. We review for abuse of discretion the district court's decision whether to give a particular jury instruction, and the content of an instruction given. *United States v. Russell*, 971 F.2d 1098, 1107 (4th Cir. 1992). Because Brown's requested identification instruction was substantially similar to the charge given and did not seriously impair his ability to conduct his defense, *United States v. Lewis*, 53 F.3d 29, 32 (4th Cir. 1995), we find no reversible error.

Accordingly, we affirm Brown's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*