**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 10-5129**

─────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

MICHAEL QUINN,

                Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:09-cr-00442-JFM-1)

─────────

Submitted: June 29, 2012         Decided: July 10, 2012

─────────

Before AGEE, DAVIS, and DIAZ, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Gary A. Ticknor, Columbia, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Michael C. Hanlon, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Quinn appeals his convictions following a jury trial for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2006), and possessing materials to manufacture controlled substances, in violation of 21 U.S.C. § 843 (2006). On appeal, Quinn challenges several evidentiary rulings made by the district court. This court reviews evidentiary rulings for abuse of discretion. United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004). Applying this standard, we affirm.

Quinn first contends that the Government did not provide notice of certain evidence it offered at trial. A review of the record leads us to conclude that Quinn had adequate notice of the evidence presented by the Government.

Quinn next argues that Fed. R. Crim. P. 404(b) prohibited the introduction of portions of the trial evidence. Rule 404(b) prohibits evidence of a "crime, wrong, or other act" as proof of a person's character when it is used "to show that on a particular occasion the person acted in accordance with the character." Rule 404(b) is a rule of inclusion that allows for the introduction of all evidence "except that which proves only criminal disposition." United States v. Sanchez, 188 F.3d 192, 195 (4th Cir. 1997).

2

We find no merit in Quinn's argument that Rule 404(b) was violated. A search of Quinn that occurred prior to his arrest on the charges of which he was ultimately convicted and testimony of his subsequent admission that he had possessed a handgun during that earlier search were relevant to Quinn's state of mind and intent to unlawfully possess weaponry. See, e.g., United States v. Cassell, 292 F.3d 788, 793 (D.C. Cir. 2002) (noting that in cases where unlawful possession is at issue, evidence of previous possession can be relevant to knowledge and intent of crime charged). We thus conclude that the district court did not abuse its discretion in permitting such evidence. We also conclude that admission of a letter found in Quinn's possession during the execution of a search warrant was relevant to show Quinn's possession and knowledge of the contraband at issue and was not overly prejudicial. See United States v. Smith, 441 F.3d 254, 262 (4th Cir. 2006) (testimony of son that he delivered drugs for his father was not overly prejudicial). Finally, we conclude that reference to Quinn's fugitive status was not an abuse of discretion because "evidence of flight is admissible to prove guilty conscience." United States v. Peoples, 748 F.2d 934, 936 (4th Cir. 1984); United States v. Moye, 454 F.3d 390 (4th Cir. 2006) ("the jury unquestionably was entitled to draw the reasonable inference that Moye fled because he knew he was prohibited under federal

3

law from possessing firearms."); United States v. Obi, 239 F.3d 662, 665 (4th Cir. 2001).

Quinn next argues that the district court erred in allowing the Government to introduce evidence of his gang membership and inquire into other "bad acts" during cross-examination. After reviewing the record, we conclude that the district court did not abuse its discretion in allowing the evidence to which Quinn objects because Quinn's gang affiliation was relevant to his motive for possessing a weapon and his involvement in drug transactions.

Quinn lastly challenges the district court's denial of his motion to disclose the identity of a confidential informant. A decision not to require disclosure of an informant is within the discretion of the district court. United States v. Gray, 47 F.3d 1359, 1363-64 (4th Cir. 1995). "Under the abuse of discretion standard, this Court may not substitute its judgment for that of the district court; rather, [it] must determine whether the [district] court's exercise of discretion, considering the law and facts, was arbitrary or capricious." United States v. Mason, 52 F.3d 1286, 1289 (4th Cir. 1995). Here, the informant was not a participant in the crimes Quinn was charged with. Thus, his identity or testimony was not necessary for Quinn's defense, and we will not disturb the

district court's conclusion that the identity should be kept confidential.

Accordingly, we affirm Quinn's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED