**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ruth Alexie ROX, Defendant-Appellant.**

**No. 80–1782.**

United States Court of Appeals,
Sixth Circuit.

Submitted on Briefs Oct. 20, 1982.

Decided Nov. 12, 1982.

Elliott S. Hall, Hall & Bilicki, Detroit, Mich., for defendant-appellant.

Richard A. Rossman, U.S. Atty., Patricia G. Reeves, Asst. U.S. Atty., Detroit, Mich., for plaintiff-appellee.

Before MARTIN, Circuit Judge, BROWN, Senior Circuit Judge, and SPIE-GEL,* District Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

Ruth Rox appeals her convictions for one count of conspiracy, three counts of making false statements on immigration documents, and three counts of unlawfully receiving money for services rendered as a congressional aide. 18 U.S.C. §§ 371, 1001, 203. These counts comprise two offenses which she claims were improperly joined under Federal Rules of Criminal Procedure 8(a).

---

* Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation.

She also contends that the District Court abused its discretion in denying her motion for severance pursuant to Rule 14. Because the joinder of the offenses was proper and not prejudicial, the defendant's convictions are affirmed.

Ruth Rox was an administrative aide to Congressman Charles Diggs in his Detroit, Michigan office. The proof on counts one through five established that Ruth Rox helped Ms. Betty Low Quiros obtain an unlawful student visa into the United States and a falsified Social Security card. The defendant claimed she was Ms. Quiros' aunt to support Ms. Quiros' student visa application. The defendant also swore in an affidavit that Ms. Quiros would live with her in Michigan while she attended school in the United States. Both these statements were false. The defendant also accepted $150 for her promise to obtain a Social Security card for Ms. Quiros.

The proof of counts six and seven established that Ruth Rox attempted to circumvent proper immigration channels for the benefit of two sisters from Ethiopia. She arranged a sham marriage for Ms. Belainesh Tedla, which later fell through. The defendant also received $650 for her promise to obtain permanent resident status and work permits for Ms. Ghezachin and Ms. Belainesh Tedla.

▮ Ruth Rox contends that the Quiros and Tedla offenses were misjoined, in violation of Rule 8(a). Fed.R.Crim.P. 8(a). This rule allows two offenses to be joined in a single indictment and trial when the offenses "are of the same or similar character." A defendant must move for severance based on misjoinder before trial or waive the objection. Fed.R.Crim.P. 12(b)(5). See, e.g., United States v. Swainson, 548 F.2d 657, 661 (6th Cir.1977); United States v. Papadakis, 510 F.2d 287 (2d Cir.), cert. denied, 421 U.S. 950, 95 S.Ct. 1682, 44 L.Ed.2d 104 (1975). The defendant failed to raise the issue of misjoinder until the third day of trial. Therefore, she has waived her objection and may not challenge the joinder in this Court.

▮ Even if the misjoinder issue had been timely raised, the defendant's claim is still without merit. The defendant abused her official position to circumvent immigration laws for the benefit of Ms. Quiros and the Tedla sisters. She received money for the help she promised to these people. The offenses are of similar character, sufficiently so to satisfy the joinder requirements of Rule 8(a). See United States v. Harris, 635 F.2d 526 (6th Cir.1980) (two instances of tampering with the mails); United States v. Rabbitt, 583 F.2d 1014 (8th Cir.1978), cert. denied, 439 U.S. 1116, 99 S.Ct. 1022, 59 L.Ed.2d 75 (1979) (state legislator abused official position).

At trial Ruth Rox also moved for severance pursuant to Rule 14. Fed.R.Crim.P. 14. This rule permits a district court to sever the trial of two or more offenses "[i]f it appears that a defendant . . . is prejudiced by a joinder of offenses." A defendant is prejudiced if the jury would be unable to keep the evidence from each offense separate and unable to render a fair and impartial verdict on each offense. United States v. Lane, 584 F.2d 60, 64 (5th Cir. 1978). The decision to sever for prejudice is directed to the sound discretion of the trial court and will only be reversed if the court abuses its discretion. Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954); United States v. Dye, et al., 508 F.2d 1226, 1236 (6th Cir.1974), cert. denied, 420 U.S. 974, 95 S.Ct. 1395, 43 L.Ed.2d 653 (1975).

The defendant argues that the jury might have confused the evidence from the separate offenses. However, the District Court found no danger of the jury cumulating the evidence to the prejudice of the defendant. Our review of the evidence convinces us that the District Court did not abuse its discretion in denying the defendant's motion to sever for prejudice pursuant to Rule 14.

Judgment affirmed.