**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Christopher KALER, Defendant–Appellant.**

No. 99–6234.

United States Court of Appeals, Sixth Circuit.

March 20, 2001.

Before MARTIN, Chief Judge; MOORE, Circuit Judge; and TARNOW, District Judge.*

PER CURIAM.

Christopher Kaler appeals his convictions on federal drug, firearm, and escape charges. For the reasons stated below, we AFFIRM.

## I.

On March 3, 1999, police officers forcibly entered Kaler's hotel room in Lexington, Kentucky, to execute an arrest warrant for both Kaler and his companion, John Paul Jones. While officers were securing Kaler, Jones, and an unidentified fifteen-year-old female, police noticed a gun protruding from between the mattress and box springs of Kaler's bed. After receiving consent from Jones, police searched his bed and found another gun. Meanwhile, one of the officers pushed open the adjoining bathroom door, turned on the light, stepped into the bathroom, and pushed back the shower curtain. An open bag containing pills in various plastic bags was sitting in the bathtub. Police officers later determined the bag contained approximately five thousand pills.

After their arrest, Kaler and Jones were taken to a local jail. On March 10, they escaped. Police apprehended Jones the next day in Alabama and captured Kaler several days later in Georgia. A federal grand jury indicted Kaler and Jones for trafficking in controlled substances, carrying firearms in relation to the trafficking, using a minor to assist in the trafficking, and escaping from jail. The district court denied Kaler's motion to suppress the pills, finding the police conducted a proper "protective sweep" under *Maryland v. Buie*, 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990). The court also denied Kaler's motion to sever the escape count. Following a two-day trial, a jury convicted Kaler on all counts, and the district court sentenced him to a prison term of twenty-six years, eight months.

## II.

■ Kaler first appeals the district court's denial of his motion to suppress the pills found in his hotel bathtub. We review the district court's fact finding on a motion to suppress for clear error, and its conclusions of law *de novo*. *See United States v. Colbert*, 76 F.3d 773, 776 (6th Cir.1996).

■ In *Maryland v. Buie*, the United States Supreme Court recognized two types of a "protective sweep" exception to the warrant requirement for officers making an arrest inside a home. *See Buie*, 494 U.S. at 334. Under the first type of protective sweep, as an incident to arrest, police officers may, "as a precautionary

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

matter and without probable cause or reasonable suspicion, look in closets and other spaces immediately adjoining the place of arrest from which an attack could immediately be launched." *Id.* Kaler acknowledges that the bathroom is an "immediately adjoining space" under *Buie*. Nonetheless, Kaler argues that it was improper for the officer to pull back the shower curtain when conducting the otherwise-proper protective sweep. This argument is without merit. *Buie* allows the suspicionless cursory inspection of places adjoining the place of arrest "from which an attack could immediately be launched." *Buie*, 494 U.S. at 334. A bathtub provides a large enough space for an adult to hide; pulling back the shower curtain to ensure no one was hiding in the bathtub was therefore legitimate under *Buie*. Accordingly, we hold that the district court did not err in refusing to suppress the pills found in the bathtub as a result of the protective sweep.

### III.

Kaler also appeals both the initial joinder of his escape charge with his trafficking charges under Federal Rule of Criminal Procedure 8(a), and the district court's refusal to sever the charges pursuant to Federal Rule of Criminal Procedure 14. "The decision to sever for prejudice is directed to the sound discretion of the trial court and will only be reversed if the court abuses its discretion." *United States v. Rox*, 692 F.2d 453, 454 (6th Cir.1982).

█ Rule 8(a) permits joinder of offenses if they "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." FED.R.CRIM.P. 8(a). "It is well established that a charge of bail jumping or escape may be deemed sufficiently 'connected' with a substantive offense to permit a single trial, at least where the charges are related in time, the motive for flight was avoidance of prosecution, and appellant's custody stemmed directly from the substantive charges." *United States v. Ritch*, 583 F.2d 1179, 1181 (1st Cir.1978). Here, it is uncontested that Kaler was in jail as a result of his arrest on the trafficking-related charges, that he escaped from jail one week after that arrest, and that the escape was motivated by his awareness of the potentially lengthy sentence the trafficking-related charges carried. Therefore, the escape count was properly joined with the underlying offenses at Kaler's trial.

Notwithstanding the propriety of a Rule 8(a) joinder, Rule 14 states that "[i]f it appears that a defendant or the government is prejudiced by joinder of offenses ..., the court may order an election or separate trials of counts ... or provide whatever other relief justice requires." FED.R.CRIM.P. 14. Because Rule 14 leaves both the finding of prejudice and the fashioning of a remedy to the district court's discretion, "[t]he defendant carries a heavy burden requiring him to make a strong showing of prejudice before a reversal will be granted." *United States v. Bibby*, 752 F.2d 1116, 1123 (6th Cir.1985). Kaler's conclusory statement that the jury was "unable" to render a fair and impartial verdict on the trafficking counts when faced with evidence of Kaler's escape does not suffice to show actual prejudice to his case. Moreover, evidence of the escape would have been admissible in a trial on the three trafficking-related counts. *See, e.g., United States v. Touchstone*, 726 F.2d 1116, 1119 (6th Cir.1984). "Joinder of other crimes cannot prejudice the defendant more than he would have been by the admissibility of the other evidence in a separate trial." *United States v. Harris*, 635 F.2d 526, 527 (6th Cir.1980). We find, therefore, that the district court properly

exercised its discretion in refusing to sever Kaler's counts.

## IV.

We hold that the district court did not err in refusing to suppress the pills found in the motel bathroom. We further hold that the district court did not abuse its discretion in denying Kaler's motion to sever the escape charge from the remainder of the counts. Therefore, the decision of the district court IS AFFIRMED.