JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Norman Johnson ("appellant") appeals the denial of his motion to suppress. For the reasons stated below, we affirm.
 {¶ 2} On September 6, 2002, after receiving an anonymous tip as to his location, Cuyahoga County sheriff's deputies arrested[1] appellant at a home located at 2961 East 66th Street, Cleveland, Ohio.[2] Upon entering the bedroom of the East 66th Street residence, the deputies arrested and handcuffed appellant. While conducting a protective sweep for weapons, deputies observed in plain view a small amount of marijuana on the dresser. After obtaining consent-to-search forms from appellant, Victoria, and Victor, the deputies searched the residence. While searching the closet of the bedroom where appellant was arrested, deputies found one digital scale and 28 bags of marijuana hidden inside the sleeve of a winter jacket. Appellant was charged with drug possession, drug trafficking, and possession of criminal tools. He pled not guilty. On December 26, 2002, appellant moved to suppress the evidence obtained during the search. Following the hearing on his motion to suppress, appellant entered a plea of no contest.[3] The trial court sentenced appellant to a six-month term of imprisonment.
 {¶ 3} It is from the denial of his motion to suppress that appellant advances one assignment of error for our review.
 I {¶ 4} In his sole assignment of error, appellant argues that "the trial court erred in denying the defendant's motion to suppress evidence on the basis that the arrest warrant was valid and the defendant voluntarily consented to the search of the premises." For the reasons stated below, we affirm the decision of the trial court.
 {¶ 5} "In considering a motion to suppress, the trial court assumes the role of trier of fact, and is in the best position to resolve factual questions and evaluate the credibility of the witnesses. Consequently, in reviewing a trial court decision on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent credible evidence. An appellate court, however, determines as a matter of law, without deferring to the trial court's conclusions, whether the law has been appropriately applied to those facts." State v. Martin, Cuyahoga App. No. 82026, 2003-Ohio-4058.
 {¶ 6} Appellant argues that the entire search of the premises was invalid because the state did not have an arrest warrant for the East 66th Street location. The state entered into evidence appellant's arrest warrant which listed his address as 1300 Superior Avenue, Apartment 1207, Cleveland, Ohio.[4] Appellant contends that since the arrest warrant was effectuated at another address, the deputies only recourse was to obtain a search warrant for the East 66th Street location. Appellant concludes that since the state failed to obtain the search warrant, the evidence against appellant was illegally obtained. We find no merit to this argument.
 {¶ 7} "Warrantless searches are presumptively unreasonable under the Fourth Amendment to the United States Constitution, subject to certain exceptions." State v. Lushch (1994), Cuyahoga App. No. 66395. The four exceptions to the warrant requirement are: (1) an emergency situation; (2) search incident to an arrest; (3) hot pursuit; and (4) easily destroyed or removed evidence. Id.
 {¶ 8} As an initial matter, we find the trial court properly found that a valid arrest took place. Appellant argues that "the arrest warrant was defective since it was used to enter the premises located on East 66th Street." To effectuate the arrest at a residence other than that of the offenders, law enforcement must have an arrest warrant plus "reason to believe" that a defendant was in another's house. State v.Yerkey, 2001-Ohio-1792.
 {¶ 9} In the case sub judice, the deputies received a tip that appellant was located at the house on East 66th Street. Upon approaching the home, the deputies knocked on the door, stated who they were looking for, and confirmed that appellant was in the home at the time. Under these circumstances, the deputies had sufficient reason to believe they had located appellant.[5] Having found that appellant's arrest was proper, we turn our analysis to the search that took place in the home.
 {¶ 10} When reviewing the "search incident to arrest" exception to warrantless searches, courts must be mindful of the exception's twofold purpose: to deny access to weapons and to prevent the concealment or destruction of evidence. State v. Cherry, 2003-Ohio-3146. The United States Supreme Court has held that areas immediately adjoining the place of arrest are also subject to search. The court held: "That as an incident to the arrest, the officers could, as a precautionary matter and without probable cause or reasonable suspicion, look in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched." Maryland v. Buie (1990), 494 U.S. 325,333.
 {¶ 11} In the case sub judice, the search of the area around appellant was proper. According to the transcript, the deputies searched the area around the bed and the adjoining dresser as part of a protective sweep. Appellant argues that this protective sweep was unnecessary and illegal, in part, because the area that was searched was too broad, considering appellant was handcuffed at the time. The fact that appellant was handcuffed does not necessarily mean that he was incapable of using a weapon or other item to harm the deputies, or that the area was otherwise safe. Cherry, supra. Appellant also alleges that a deputy looked in the bedroom closet during the purported protective sweep. Specifically, appellant argues in his appellate brief that "* * * Deputy Sheriff Charo further admitted that Officer Church looked into the closet during the purported `protective sweep' id., p. 38." However, appellant clearly misreads the transcript. Our review of the transcript reveals:
"Q. Now, when he was sweeping the place, did Officer Church look in thecloset?
 "A. Yes, sir. Oh, I'm sorry. I misunderstood your question.
 "Q. Did he look in the closet?
 "A. For the sweep or the search?
 "Q. During the sweep.
 "A. No, sir. That wasn't within arm's reach."
 {¶ 12} The trial court had competent credible evidence in which to determine the closet was not searched prior to the deputies' receipt of the signed consent-to-search forms.
 {¶ 13} In regards to the consent-to-search forms, appellant argues that his consent was coerced and that the search was completed before he was asked to sign the form. The state argues that after the deputies identified appellant, he was informed of his Fourth Amendment rights against illegal search and seizure and asked if he would sign a consent-to-search form.[6] Additionally, the deputies obtained consent forms from the other owner/occupiers of the home. Although there is conflicting testimony as to the circumstances surrounding the signing of the consent forms, the trial court is in the best position to weigh the credibility of each witness and to make a determination as to the truthfulness of what is asserted. Martin, supra. Based upon all the testimony and facts of this case, we cannot say that the trial court erred in finding that the consent-to-search forms were voluntarily and knowingly signed. Bumper v. North Carolina (1968), 391 U.S. 543.
 {¶ 14} We find that there is no evidence to suggest the deputies acted improperly. The trial court weighed the credibility of the witnesses, and its decision was supported by competent credible evidence.
 {¶ 15} Appellant's assignment of error is overruled.
 {¶ 16} The judgment is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kenneth A. Rocco, A.J. and Patricia A. Blackmon, J., concur.
[1] According to the transcript, appellant had a warrant for his arrest stemming from charges of receiving stolen property. The arrest warrant itself listed a different address for appellant.
[2] This was the home of appellant's girlfriend, Victoria Milligan ("Victoria"). The transcript indicates that Victoria's brother, Victor Milligan ("Victor"), resides at the home intermittently. Victoria testified that appellant stays with her during weekends.
[3] Appellant states that he changed his plea upon the trial court's denial of the motion to suppress. We note that the record does not contain a journal entry or other indication that the trial court denied, or otherwise ruled upon, appellant's motion to suppress, only that it was "heard and submitted." However, it is well established that a motion, unruled upon by the trial court, is deemed denied. State v. Jackson
(Sept. 26, 1996), Cuyahoga App. No. 69433.
[4] There is confusion as to where appellant resides. For instance, although appellant testified that the 1300 Superior address is his residence, he listed the East 66th Street address on his presentence investigation report.
[5] Appellant does not argue the underlying merit of the arrest warrant. We, therefore, assume the warrant was validly issued.
[6] The state admitted appellant's signed consent form into evidence.